MARGARET FITZ–SIMON *vs.* VINCENT FITZ–SIMON.

DECEMBER 19, 1907.

PRESENT: Douglas, C. J., Dubois, Blodgett, Johnson, and Parkhurst, JJ.

(1)  *Probate Law.  Disallowing Claims.*

C. & P. A., § 887, makes the failure to disallow a claim filed against the estate

of a decedent an allowance of the same, and under the provisions of section 1027 (2), in a suit on the bond, a failure to disallow must be shown, and not an allowance.

(2)   *Probate Law.   Unfaithful Administration.*

C. & P. A., § 886, provides that within thirty days after the expiration of six months from the first publication of the notice of qualification of the personal representative, and at any time thereafter before payment, upon evidence discovered after the said period the executor or administrator shall file a statement disallowing such of the claims filed against the estate of a decedent as he intends to contest:—

*Held*, that, after a petition brought to adjudge him guilty of unfaithful administration in not paying a claim which he had not disallowed, an administrator could not escape liability unless he could at least show that he had some definite prospect of being able to procure further testimony to warrant the court in excusing him from paying it, and he could not take advantage at that time of a disallowance made after the petition was brought, but upon the same evidence which he possessed within the statutory period for disallowance.

*Held*, further, that the administrator was guilty of unfaithful administration in not disallowing the claim within the time specified, and in not paying it within a reasonable time after the elapse of the period provided by statute for paying it, without showing any necessity as to the assets requiring further time.

PROBATE APPEAL. Heard on exceptions from Superior Court, and overruled.

PER CURIAM. The Probate Court of the town of Cumberland entered a decree disallowing the petition of Margaret Fitz-Simon praying that Vincent A. Fitz-Simon, executor of the will of James A. Fitz-Simon, late of said Cumberland, deceased, may be decreed to be guilty of unfaithful administration. From this decree said Margaret Fitz-Simon appealed to the Superior Court, and filed her reasons of appeal, based upon the following grounds: "First. That her claim against the estate of said James A. Fitz-Simon has been duly filed and allowed according to law. Second. That said Vincent A. Fitz-Simon has neglected and refused to pay over what he has in his hands to the several creditors of the deceased whose claims have been filed and allowed according to law. Third. that said order and decree of said Probate Court of the town of Cumberland is in other respects erroneous and ought to be reversed."

Upon hearing in the Superior Court said appeal was sustained, and a decision rendered in said cause, adjudging the appellee guilty of unfaithful administration as executor of the will of James A. Fitz-Simon, deceased, to which decision the appellee claimed exceptions to this court, and the following were duly allowed:

"1.   That said decision is against the evidence, and the weight thereof, and ought to be reversed.

"2.   That said decision is against the law in such case made and provided.

"3.   That said decision should have been in favor of the said appellee dismissing said appeal.

"4.   That the court erred in finding that the appellee was guilty of unfaithful administration in not disallowing the appellant's claim in writing within the time specified by the statutes of this State.

"5.   That the court erred in finding that said appellee was guilty of unfaithful administration for not paying the claim of the appellant within a reasonable time after the elapse of the period fixed by the statutes of this state for disallowing claims in writing, and

"6.   That the court erred in finding that the non-action on the part of the appellee relative to the claim of the appellant was an allowance of the same, and that said appellee should have paid the same within a reasonable time after time for disallowance had passed."

Upon consideration of the foregoing exceptions we find no error in the decision of the Superior Court, and adopt the same as the opinion of this court:

"DECISION.

"TANNER, J.   This is an appeal from the decision of the Probate Court of Cumberland, upon a petition to adjudge the appellee guilty of unfaithful administration because he refused to pay a claim of the appellant against the estate of which he was the executor.   Said claim was filed after six months but within a year after the first publication of the advertisement

of the appointment of the appellee as executor. The appellant had, within six months after the first publication of the advertisement of the appointment of the executor, filed a claim for a less amount; said less amount being one of the items included in the latter claim filed by her.

"Neither the executor nor any one else filed in the probate clerk's office any disallowance of either of said claims until more than eighteen months after the first publication of the appointment.

(1)    "The counsel for the appellee contends that allowance is a positive act and can not be inferred from a failure to comply with the statute in disallowing a claim. We think, however, that section 887 of the court and practice act makes the failure to disallow .an allowance, since it provides expressly that, if there be sufficient assets, claims not disallowed within the statutory time shall be paid in full. Not an allowance, but .a failure to disallow, must be shown here. C. & P. A., § 1027 (2).

"Our attention is called to *Municipal Court* v. *Wilbour*, 23 R. I. 95, which holds that a failure to disallow is not an allowance; but under the statute at that time the written allowance was required, and the court therefore said that allowance was a positive act and must be shown as required by statute or the claim must be reduced to judgment, but the present statute requires no written allowance or any positive act of allowance, but does require a positive act of disallowance.

"We think, therefore, that where the statute says expressly, as it does now, that after the expiration of the time within which a claim can be presented the claim shall be paid, if the assets be sufficient, the expiration of the time without disallowance must be construed as an allowance.

(2)    "It is further argued that, since section 886 of the court and practice act says that within thirty days after the expiration of six months from said first publication, and at any time thereafter before payment, upon evidence discovered after the said period, the executor or administrator shall file in the office of the clerk of the Probate Court a statement disallowing such

of the claims filed as he intends to contest, etc., gives the appellee in this case further time to disallow the claim.

"It is to be noticed that the position of the words giving the extension of time apparently makes them apply only to a claim which is presented within six months. It does not in terms apply to a claim presented after six months and within a year, as was the case here. If we should by construction make these words apply to this case, however, there would have to be some time limited within which such further disallowance could be made. We should have to make the construction that such time was limited, either by the entire period of administration, or else it must be some shorter time. In the case at bar the appellee admits that he has not discovered any evidence to warrant this disallowance since the time when it was first presented, or at least within which he could have disallowed it in the first instance. Can he still say, after a petition brought to adjudge him guilty of unfaithful administration, that, while he has not discovered evidence to warrant disallowance, he may at some future time do so, and therefore can not be held guilty of unfaithful administration until the full period in which he makes it so has elapsed?

"While we have great doubts as to the proper construction of this statute, we think the appellee can not be heard to say that he is not guilty of unfaithful administration in not paying this claim or disallowing it, within the statutory time specifically stated, unless he can at least show to the court that he has some definite prospect of being able to procure further testimony to warrant the court in excusing him from doing so.

"We do not think he can take advantage of a disallowance made after the petition was brought, but made upon the same evidence which he possessed within the statutory period specifically stated as the time for disallowance.

"The whole scope of the present statute seems to be to promote the speedy settlement of estates. It puts a premium upon promptness in presenting claims. The provisions for speedy payment would be nugatory if the executor or administrator could say in every case, notwithstanding you have presented your claim within the statutory time, and

notwithstanding that the statute says I must pay it, I will not do so because I may at some future time discover evidence which will justify me in disallowing it. This consequence compels us to hold that in the present case the appellee was guilty of unfaithful administration in not disallowing the claim within the time specifically stated in the statute, and not paying it within, at least, a reasonable time after the elapse of the period when the statute says specifically that he must pay it, and without showing any necessity as to the assets of the estate which would require further time for payment. The appellee here says that he has sufficient assets, and that $1,000 of said assets is in cash in bank.

"We think the appellee has failed to show reasonable cause for not paying the claim, since he has merely shown a disallowance made after this petition was brought, and at a time when his right to make it had elapsed under our construction of the law."

The appellee's exceptions are therefore overruled, and the cause is remitted to the Superior Court with direction to enter a decree in accordance with said decision, and for further proceedings.

*James Harris and Frederic A. Greene,* for appellant.
*Claude J. Farnsworth,* for appellee.