## Cowan, McClung & Co. v. Donaldson.

### (*Knoxville.* September 26, 1895.)

1. STATUTE OF LIMITATIONS. *Of ten years.*

   A suit upon a judgment rendered November 20, 1883, is not barred by the ten years' statute of limitations if it is commenced November 20, 1893, under Code, § 46 (M. & V.), providing that the time within which any act is to be done shall be computed by excluding the first and including the last day. (*Post, pp. 323–325.*)

   Code construed: § 46 (M. & V.); § 48 (T. & S.).

   Case cited and approved: Elder *v.* Bradly, 2 Sneed, 247.

2. SAME. *Suit in equity commenced so as to arrest, when.*

   A suit in equity is commenced so as to arrest the running of statutes of limitations from the date of filing bill, although the prosecution bond may not be executed until afterwards. (*Post, p. 325.*)

   Code construed: §§ 5055, 5130 (M. & V.); §§ 4312, 4387 (T. & S.).

   Case cited and approved: Montgomery *v.* Buck, 6 Hum., 416.

3. SAME. *Same.*

   A suit in equity is commenced so as to arrest the running of statutes of limitations from the date of filing bill, and not from date of issuance of process. (*Post, p. 326.*)

   Case cited and approved: Collins *v.* Insurance Co., 91 Tenn., 432.

4. CHANCERY PRACTICE. *Motion to dismiss proper, when.*

   Objection that suit was instituted without cost bond, must be made by motion to dismiss, and is waived, if submitted with a demurrer, and the bond is given before the demurrer is acted upon. (*Post, p. 325.*)

5. SAME. *Final decree proper, when.*

   Decree final is properly entered upon the overruling of a demurrer to the bill, where defendant interposes no answer and

does not ask for further time to make defense. (*Post, p. 326.*)

Case cited and approved: Ross *v.* Meek, 93 Tenn., 666.

---

FROM LOUDON.

---

Appeal from Chancery Court of Loudon County. H. B. LINDSAY, Ch.

CHAMBERS, McQUEEN & NICHOLS for Cowan, McClung & Co.

J. E. CASSADY and SMITHSON, HOUK & AUSTIN for Donaldson.

WILKES, J. Complainant obtained confessed decrees against J. H. Donaldson, Jr., as administrator of J. H. Donaldson, Sr., November 20, 1883, in Chancery Court, Loudon County, one for $2,253.36 and one for $1,355.46. The latter has been paid, and November 20, 1893, a bill was filed in the same Chancery Court at Loudon against J. H. Donaldson, Jr., and D. A. Humphreys, administrator *de bonis non* of J. A. Donaldson, Sr., for a new judgment on the former. No cost bond was executed on the day the bill was filed, and not until March 28, 1894. Process was issued, however, on November 21, 1893, and served December 11, 1893. On February 1, 1894, J. H. Donaldson filed an affidavit to the effect

that no cost bond had been executed, and asked that the cause be dismissed. On same day he filed demurrer, assigning as grounds that: First, the action was barred by the ten years' statute of limitations as to suits on judgments, decrees, etc. Second and third, that the proper remedy, if not so barred, was by *sci. fa.* and not by suit. Fourth, because no cost bond was given when the bill was filed, and the suit was not commenced till it was filed, March 28, 1894. This ground of demurrer states that it is filed as a plea to dismiss the bill, and sustained by the affidavit referred to, and asked to be taken as proof of the facts stated. Fifth, because the bill was not filed until November 21, 1893, and hence was barred, being ten years and ten days after original decree.

The Chancellor overruled this demurrer, and gave judgment for the amount of the original decree and interest, and defendant, Donaldson, appealed, and assigned as errors the refusal of the Chancellor to sustain the first, fourth, and fifth grounds of demurrer, and because he proceeded at once to enter judgment final. The cause has been heard by the Court of Chancery Appeals, and the decree of the Chancellor affirmed, and appeal is prayed to this Court. No errors are assigned to the action of the Court of Chancery Appeals, but the entire case is submitted to this Court upon the original record, assignment of errors, and briefs of counsel, and the opinion and finding of the Court of Chancery Appeals.

Waiving the questions of practice involved, as no

Cowan, McClung & Co. *v.* Donaldson.

objection has been made to the manner of proceeding, we think the errors assigned are not well taken, and the decree of the Chancellor and Court of Chancery Appeals is affirmed, with costs.

Decree having been rendered November 20, 1883, a suit upon it is in time if brought November 20, 1893, under § 46 of the Code, which provides that the time within which any act is to be done shall be computed by excluding the first and including the last day.    See, also, *Elder* v. *Bradly*, 2 Sneed, 247.

The suit was commenced within the statute when the bill was filed, even though the cost bond was not executed until afterwards.    Code, § 5055 (M. & V.); *Montgomery* v. *Buck*, 6 Hum., 416.

The directions of the statute as to taking bond, issuing process, entering upon rule docket, etc., are mandatory to the Clerk, but do not affect the question of the commencement of the suit, and may be enforced or corrected at any time, on motion. Sec. 5130 (M. & V.) Code.    Besides, the proper manner of raising the question is not by demurrer, but by motion to dismiss, and it is not proper practice to submit such motion along with a demurrer, as the filing of the latter waives the former. It does not appear that the motion or plea to dismiss was ever called up for separate action, but was heard, if at all, along with the demurrer.    The cost bond in this cause was executed before the demurrer was acted upon, and the defect, if any, cured.

The fifth ground of demurrer states that the bill was filed November 21, 1893, but this is not borne out by the record, and was therefore properly overruled. This holding is not in conflict with the case of *Collins* v. *The Insurance Co.*, 7 Pickle, 432, where the question was whether the suit could be considered commenced until process was regularly issued, and the Court held that the issuance of process was not a prerequisite. The demurrer being overruled, and defendant having interposed no answer, nor asked for further time to make defense, it was not error to render judgment final. *Ross* v. *Meek*, 9 Pick., 666.

The decree of the Court of Chancery Appeals and of the Court below is affirmed.