UNION TRUST CO. *v.* ELECTRIC RAILWAY

AND

BAYLEY *v.* ELECTRIC RAILWAY.

*(Knoxville.    October 5, 1898.)*

1. MORTGAGES AND DEEDS OF TRUST. *Premature suit for foreclosure.*

A suit for foreclosure of a mortgage, brought after default, but within six months thereafter, is premature, and, therefore, fees cannot be allowed complainants and their counsel out of the mortgaged estate or its proceeds, where the mortgage provides that after six months continued default in payment of principal or interest, the trustee or mortgagee may take possession and operate the property and apply the net income to the interest and principal in default, and further provides that "upon default and entry as aforesaid, or without such entry," there may be foreclosure by suit or otherwise. (*Post, pp. 298–305.*)

Cases cited: Clark *v.* Jones, 93 Tenn., 642; Irvine *v.* Shrum, 97 Tenn., 263; 106 U. S., 47; 60 Fed. Rep., 543; 139 U. S., 137; 27 Fed. Rep., 151.

2. SAME. *Same.*

The rule that there is an immediate right of foreclosure by Court proceedings, upon default in payment of interest on a mortgage, yields to a reasonable stipulation in the mortgage for a delay of foreclosure proceedings for a reasonable time after maturity of an interest installment. (*Post, pp. 301–305.*)

3. TIME. *Computation.*

"Within" or "after" a certain time, embraces the last day of the time limited. (*Post, pp. 300, 301.*)

---

FROM HAMILTON.

---

Appeal from Chancery Court of Hamilton County.
T. M. McCONNELL, Ch.

SKIPWITH WILMER and WHEELER & McDERMOTT for Trust Co.

BROWN & SPURLOCK for Railway Co.

BARR & McADOO for Bayley.

WILKES, J.   These two causes are proceedings to foreclose mortgages of the Chattanooga Electric Railway Co. because of default in payment of interest coupons.   The suits were brought within two months after the coupons matured.   Before the lapse of six months after maturity, but after the bills were filed, the defendant company paid all interest in default.

As the cases come to us, two questions only are presented: (1) Whether the bills were prematurely filed; and (2) whether the trustee in the first cause should be allowed compensation for himself and counsel; and, in the second case, whether the counsel of complainants should be allowed fees, the trustee in the latter case having failed, and being unable to act, and the suit being brought by the bondholders, who are beneficiaries under the trust.

The first assignment presents a question of difficulty, and its solution depends upon the proper construction of the provisions of the mortgages as to the remedies of the trustee or beneficiaries in case of default in payment of the interest coupons at maturity.

The provisions of the mortgage in the first case are substantially, so far as need be stated, "that if

default is made in payment of any interest, etc., the mortgagor covenants and agrees that within six months after such default shall have occurred, the same default still continuing, it will, on demand of the trustee, give possession to him or his agent of all the mortgaged property, and he may operate the same and receive the .income and profits, and, after paying expenses, pay the interest in default,'' etc.

It is further provided by the next section, that if default shall be made as aforesaid, and shall continue as aforesaid, the trustee, after entry as aforesaid, or other entry, or without entry, by itself or agent, or by proceeding in Court, may sell the property, etc., and pay the proceeds on said interest and on the principal of said bonds, whether due or not.

The provisions of the mortgage in the second case are, that if default is made in payment of principal or interest, and if such default continue for six months, the mortgagee or trustee may take possession and proceed to operate, and, after paying expenses, pay the interest and principal and may sell the property, etc. It further provides, '' upon default and entry as aforesaid, or without such entry, the party of the second part may proceed to sell the mortgaged property, either by virtue of the power of sale herein contained, or by proceeding in a Court of Equity, in the manner and for the purposes herein mentioned,'' etc.

The question of controversy in the case is, whether the mortgagor company, under these provisions, has

six months after default in which to pay interest before any steps can be taken to foreclose, or whether the right to foreclose by Court proceedings is immediate upon the default. The Court of Chancery Appeals held the latter view, and therefore concluded that the suits to foreclose were not premature, and, as a result, the complainants were allowed counsel fees (and trustee's compensation in the last case). They base their conclusion on the holding of the Court in *Railroad* v. *Fosdick*, 106 U. S., 47; *Guaranty Co.* v. *Railroad Co.*, 139 U. S., 137; *Farmers' Loan Co.* v. *Railroad Co.*, 61 Fed. Rep., 543.

The identical same cases are relied on by appellant to sustain a contrary view, and are urged by appellee to sustain the Court of Chancery Appeals.

As an original proposition, free from any controlling or persuasive authority, we would hold that a proper construction of each mortgage is, that it is not until after default in payment of interest had continued for six months, that foreclosure proceedings or other proceedings to take possession could be had either in or out of Court. Upon any other construction we are unable to give any force or effect to the words "within six months," contained in one mortgage, and "if such default continue for six months" in the other. "Within" a certain time embraces the last day of the time limited, as does the word "after." 29 Am. & Eng. Enc. L., 524; 26 Am. & Eng. Enc. L., 4; 1 Am. & Eng. Enc. L., 323. If the provision that "within six months

after default, it still continuing," does not mean that
the mortgagor shall have the six months after de-
fault for breathing time to make good the default,
we can see no rational meaning to attach to it. It
could have but one other meaning, and that is, that
the possession and foreclosure proceedings may com-
mence at once, but must begin within six months
or not at all—a construction which would lead to
absurd consequences. Take the illustration put by
counsel for complainant, of a note or bond payable
within six months. This would clearly mean that
the maker would have the whole of six months in
which to ˙pay, and so it has been held. 29 Am. &
Eng. Enc. L., 524, note. If it was intended that
a right of immediate entry should be had, why put
in the six months limit, and why not provide, in
plain terms, that if default is made, the trustee may
at once or forthwith enter and proceed to foreclos-
ure. This would be the result if no limit was made
in the mortgage. Why, then, is six months men-
tioned unless it was to give that time to make good
the default?

So, in the other mortgage, the entry and fore-
closure are to take place, and Court proceedings
may be had, if such default continues six months.
If ·it do not continue for that time, the right of
entry and foreclosure, in or out of Court, has not
accrued under the terms of the mortgage.

But it is said the right to go into Court, and
foreclose on default, does not depend on the provis-

ions of the mortgage, and that there is an immediate right of foreclosure by Court proceedings in all such cases upon default made. Grant this to be so in cases where it is not otherwise provided (as the decisions hold), still, when the time when the entry is to be made, and foreclosure commenced, is prescribed by the mortgage, that will control, in the absence of some superior equity. The jurisdiction and power of the Chancery Court to foreclose and execute trusts cannot be taken away from it, even by agreement, express or implied, nor is it cut off by mere silence on the subject; but when parties make a reasonable stipulation in the mortgage that it shall be foreclosed only on certain conditions and in certain contingencies, this stipulation will be respected by the Courts, unless there arises some unexpected and overriding occasion to demand the. aid of the Court to preserve the property or the rights of the parties. While there are cases, some of which are cited by counsel, holding more or less strictly a contrary view, this is in accord with the rulings of this Court in similar cases. *Clark* v. *Jones*, 9 Pick., 642; *Irvine* v. *Shrum*, 13 Pick., 263.

We do not understand the case of *Railroad* v. *Fosdick*, 106 U. S., 47, to be in conflict with this view. In that case the provisions are very similar to those now under consideration, and the Court does say that upon default in payment of any interest the trustee or any bondholder may · file a bill to foreclose, but the Court was evidently

speaking of the right to file such a bill and not, in that immediate connection, of the time when it might be filed. See p. 54, L. R. A. Edition bottom page.

But just prior to this the Court says the condition of the mortgage was broken, and, continuing for six months, entitled the trustee to take possession and sell, etc. See same page, near middle.

In that case, moreover, the interest had been in default from October, 1873, to February 27, 1875, before the bill was filed, so that the questions of time and prematurity of suit were not material and really not considered.

It will be noted, also, that in the Fosdick case the provision of the fourth article of the mortgage, as stated by the Court, was that the mortgagor's right of possession was to terminate upon a default in the payment of interest as well as principal, while in the mortgages now under consideration the clear intent is that the mortgagor is to remain in possession until the termination of the six months and until demand is made.

The rule is, we think, correctly stated in general terms in *Farmers' Loan & Trust Co.* v. *Chicago, etc., Ry. Co.*, 27 Fed. Rep., 151, substantially as follows: "When the trustee may proceed to foreclose on account of default depends on the construction of the mortgage. It is generally held that the right exists to proceed at once unless it appears from the terms of the mortgage to be the intent of the parties to postpone the right."

The case of *Guaranty Trust Co.* v. *Green Cove Springs Co.*, 139 U. S., 137, is in accord with this view. In that case the mortgage provided that the trustees should take possession and sell after default for a time stated, but made no mention of foreclosure proceedings in any Court, and there was no provision therefor, and it was held that the limitation did not apply to Court proceedings to foreclose, nor to judicial sales, but only to foreclosure in the mode provided in the mortgage, and that the right to Court foreclosure exists, though not provided for in the mortgage. The general rule is, that when no provision is made for Court foreclosure it may be had at any time after default, although proceedings out of Court may be provided for differently in the mortgage, and the converse of the rule is equally good, that when Court foreclosure is provided for in the mortgage it is a stipulation that the Court may be resorted to only upon the terms and at the time provided in the mortgage.

The mortgage in each of the cases now under consideration provides for a sale under Court proceedings at the same time and on the same conditions that sale may be made out of Court, and under such provisions it is the clear intention of the parties that the Court proceedings should be had only in like cases and conditions where foreclosure might be had out of Court, and we do not think the provision for Court foreclosure can be treated as simply and alone in aid of proceedings out of Court.

We are of opinion that under the provisions of these mortgages there is no right to foreclose for mere default, either in or out of Court, until after default has been continued for six months, and until demand made, the demand being an additional prerequisite and not affecting the time limit, and the suits were prematurely brought, therefore, and the defendant should not be onerated with the compensation of the trustee or his counsel, or counsel for the bondholders, and the decree of Court of Chancery Appeals is therefore reversed.

Costs of the appeal and of the Court below will be paid by the original complainants and their sureties on their prosecution bond, and the bills are dismissed. In this view we need not consider the second assignment.