PENNINGTON *v.* PENNINGTON *et al.*

(*Jackson,* April Term, 1945.)

Opinion filed May 5, 1945.

JOHN F. HALL, of Jackson, for plaintiff in error (claimant below).

L. L. FONVILLE and W. G. TIMBERLAKE, both of Jackson, for defendant in error.

MR. JUSTICE PREWITT delivered the opinion of the Court.

This case comes direct to this Court as it involves no dispute as to the facts, but simply raises a question of law under Chapter 175 of the Public Acts of 1939.

The record discloses that J. J. Pennington, a resident of Madison County, died testate, and on February 14, 1941, letters testamentary were issued by the county court of Madison County to Ralph Pennington and R. E. Brooks, executors of the estate of decedent, who on February 20 and 27, 1941, caused to be published in the Jackson Sun (a newspaper published at Jackson, Tennessee) a notice to creditors in conformity to the provisions of Chapter 175 of the Public Acts of 1939. The affidavit of the publisher was not filed with the clerk of the county court until June 11, 1942.

On June 26, 1942 (sixteen months and six days after the first publication of notice to creditors on February 20, 1941, and fifteen days after the filing of the affidavit

of the publisher), the claims in question were filed with the clerk of the county court of Madison County.

On July 8, 1942 (twelve days after the filing of the claims), the executors filed their separate motions and also their separate exceptions to the claims on the ground that they were not filed within twelve months from the date of the notice to creditors as required by section 1 of the Act.

The motions were sustained by the county judge, and an appeal was taken to the circuit court and the circuit judge likewise sustained the motions.

It is contended by the plaintiff in error that the Act makes it mandatory that said notice be verified by affidavit of the publisher, and since the claims were filed within twelve months of the filing of the affidavit, that this was a compliance with the Act as to them. The plaintiff in error also assails the constitutionality of the Act.

However, this Court in *Commerce Union Bank* v. *Gillespie*, 178 Tenn. 179, at pages 192-194, 156 S. W. (2d) 425 at page 430, upheld the Act and said:

"Argument is offered as to the validity of the limitation fixed by Sections 2 and 3 of the Act upon the filing of claims. Section 2 requires the filing, in duplicate, with the Clerk of the Court in which the estate is being administered, within twelve months after the date of said notice, of claims of all persons, resident and nonresident, whether *sui juris* or not, having claims against the estate, etc. Section 3 provides . . . that all claims and demands not filed with the Clerk as required by the Act, or on which suit shall not have been brought, or revived, within one year from the date of the notice to creditors shall be forever barred from assertion against the personal representative and from payment out of assets

while same-are in his hands, and the personal representative may, without liability for the payment, distribute the assets of the estate and close the administration.

" . . . We find no authority for denying to the Legislature the power to fix reasonable limitations, here twelve months, upon the filing of claims against the estates of decedents. The proceedings being *in rem*, which determines the status of the subject matter, and thus are conclusive, not only on the parties before the Court, but all others, and the statute being of the non-claim class, for the orderly disposition of estates, this is true whether the claims be those of nonresidents or of infants or mental incompetents."

 The statute plainly provides that claims must be filed within twelve months from the date of the publication of the first notice appearing in the newspaper. The statute contemplates that the affidavit will be made and filed following the second publication. In some cases this difference in time might be material. The publication in the newspaper starts the running of the statute of limitations and not the affidavit of the publisher.

 It results that the claims, not having been filed within the twelve months' period, were barred by the statute of limitations.

The judgment of the circuit court is affirmed.