WARFIELD *v.* THOMAS' ESTATE.

(*Knoxville*, September Term, 1947.)

Opinion filed November 29, 1947.

TATE E. CARTY and FRANTZ, McCONNELL & SEYMOUR, all of Knoxville, for plaintiff in error.

D. S. BEELER, of Rutledge, for defendant in error.

MR. CHIEF JUSTICE NEIL delivered the opinion of the Court.

The plaintiff in error, Mrs. Marion Warfield, who occupied the position of plaintiff in the court below, filed her

claim against the estate of Mrs. Della Thomas for $1,000 in the County Court of. Knox County. It appears that Mrs. Thomas' will was probated in the County Court in which Everett Hodge was named as executor. He qualified as such and on November 6, 1943, gave notice to creditors by proper publication. The plaintiff filed her claim on November 3, 1944, just three days before it would have been barred by the statute of limitation of 12 months. On December 18, 1944, the executor filed a formal plea to the effect that the estate of his decedent did not owe said claim. The plea was sworn to on the same day. On December 14, 1944, the County Judge, upon application of the plaintiff, entered an order allowing the plaintiff until December 21, 1944, "within which to file his exception to said claim." There is a preamble to the order which recites the following: ". . . that the attorney for the said Executor made an honest effort to determine from the Clerk within the time required by law, whether or not said claim had been filed; that said attorney was told by the Clerk that said claim had not been filed, and that the said claim was filed on November 3, 1944; and that the said attorney for the Executor did not look at the record himself to determine whether or not said claim had been filed."

There was an exception taken by the plaintiff to the foregoing order upon the ground that the County Judge had no legal authority to extend the time for filing exceptions to the claim. The exceptions being overruled, an appeal was prayed and granted to the Circuit Court of Knox County. That court, in an exhaustive opinion, sustained the County Judge. A motion for a new trial was made in which exception was taken to the views expressed by the learned trial judge. It is unnecessary that we state in detail the 15 separate grounds for a new trial. It is

sufficient to say that the plaintiff's contention was that the Court should have held that the claim, being unexcepted to within the time allowed by law, was final and that there was no authority for granting any extension of time to file exceptions by the executor.

There was an appeal to the Court of Appeals and that Court held that the order granting the extension of time was interlocutory and hence the appeal was premature.

The appeal was dismissed at the cost of the plaintiff in error.

We granted *certiorari* and the questions involved have been argued by counsel. The assignments of error present the single question as to the authority of the County Judge to grant the 30 days' extension of time within which to file exceptions to the claim. The contention of the petitioner is that we should also adjudge that the claim was in legal effect a final judgment, and hence the order of extension was not interlocutory.

Before passing to a consideration of the legal questions here presented, it is important that certain preliminary questions be first determined. It is contended by counsel for the executor that the estate of his decedent is insolvent and that therefore the time for filing exceptions to claims may be extended by order of court, citing Chapter 175, Acts of 1939, to the effect that if the personal property is insufficient to pay debts, etc., the personal representative may at any time file a petition to sell decedent's lands for that purpose; that the mode of procedure shall follow that prescribed for the conduct of such caused in the Chancery Court.

In response to the foregoing, we find nothing in the record to support the insistence that this was an insolvent estate except an affidavit by counsel for the executor. Neither the technical record nor the bill of exceptions

shows that the estate was insolvent. According to counsel's affidavit, there was a bill filed in the County Court of Knox County to sell lands belonging to the decedent Mrs. Thomas to pay debts, the estate being insolvent. But the only time the question of insolvency was mentioned in the Circuit Court was following the signing of the bill of exceptions (possibly on the same day). The counsel presented an affidavit by the executor in which he claimed to have testified before the Circuit Court as follows: "That there was not enough personal property to pay debts and that it was necessary to sell real estate to pay the debts of the deceased." Counsel asked that the foregoing be incorporated in the bill of exceptions. The response of the trial judge was that "It was not material to the issues" and that "the Court had no independent recollection of said testimony as given orally at the hearing."

(1) In this state of the record we cannot give consideration to the question. While not questioning the averments in the above mentioned affidavits, it is sufficient to say that we are bound by the record as certified and authenticated by the trial judge. While the County Judge is held to have knowledge of the fact, if it be a fact, that the estate was insolvent, neither the Circuit Court, Court of Appeals, nor this Court, can take cognizance of such records. We must therefore proceed to consider the assignment of error as if the estate of Mrs. Thomas was solvent. It must be conceded that the executor has lost his right to except to the plaintiff's claim unless the trial judge had the authority to grant an extension of time for the purpose of formally excepting. The statute (as appears in the Pocket Supplement to Williams' Annotated Code, Volume 5, 1944), Sections 8196.2 et seq., provides for the filing and exceptions to claims, judgments thereon, and

appeals. The first section refers to the filing of claims by creditors "within twelve months from the date of notice," etc., and must be filed "whether the claim is due or not due, and whether the estate be solvent or insolvent," etc. "Each claim thus filed with the clerk shall be entered in a well bound book," with the name and address of the creditor.

Section 8196.3 provides for filing of exceptions to claims, hearings and proceedings, as follows:

"At the expiration of twelve (12) months from the date of the notice to creditors, given as in section 1 (Section 8196.1) hereof provided, the personal representative may wait thirty (30) days before making payment of claims that have been filed, and at any time during or prior to such thirty day period, but not thereafter, the personal representative, or any party interested in the estate either as creditor, distributee, heir or otherwise, may except to any claim by filing written exceptions in triplicate with the clerk of the court in which the estate is being administered.

". . . . . .

"All claims and demands not filed with the clerk, as required by this act or in which suit shall not have been brought or revived before the end of one (1) year from the date of the notice to creditors, as required by section 1 (Section 8196.1) of this act, shall be forever barred from assertion against the personal representative and from payment out of assets while the same are in his hands, and the personal representative may, without liability for the payment, distribute the assets of the estate and close the administration."

We find from our recent holding in *Commerce Union Bank* v. *Gillespie*, 178 Tenn. 179, 156 S. W. (2d) 425, 428, that "neither the County Court . . . nor any other

court has power or jurisdiction to permit any delay in the filing of any such claims, i.e. to permit the filing of any such claims after the expiration of the said twelve months period, or to permit any relief to be granted thereon against the personal representative or the assets while in its hands, except as [provided by Section 8196.10]." To the same effect see *Bonham* v. *Bonham*, 180 Tenn. 364, 175 S. W. (2d) 328.

■■ No reason is given by counsel, nor can we conceive of any, for holding that the personal representative should be specially favored over creditors by extending the time within which to file exceptions to claims. Nothing whatever is said in Chapter 175, Acts of 1939, from which it may be concluded that such an extension may be authorized. It cannot be written into the act under the guise of judicial construction. The learned Court of Appeals was correct in holding that there is no right of appeal from an interloctory decree "except in those cases where an appeal is expressly given." *Bruce* v. *Anz*, 173 Tenn. 50, 114 S. W. (2d) 789, and cases there cited.

If, however, this claim was final in that it was unexcepted to within the time allowed by law, and there was nothing to be adjudicated, the appeal should not be dismissed on the ground that it was interlocutory. Should this uncontested claim be regarded as final against the estate? We think it is so adjudged by force of the statute when no exceptions are filed by the personal representative, or other interested parties.

■ In Higgins' Administration of Estates in Tennessee, Section 126-a, p. 97, it is said: "It would seem that claims unexcepted to become the equivalent of judgments against the estate, excepting of course that the right to an execution thereon does not follow. The failure to except to a demand thus filed should be looked upon as a

confession of judgment. It is submitted, however, that relief from such a situation may be granted if the failure to except be brought about by the fraud of the claimant."

While no case is cited in support of the text, we think it is sound in principle. It finds support in several cases from other jurisdictions, particularly *Moore* v. *Winston's Adm'r,* 66 Ala. 296; *Fitz-Simon* v. *Fitz-Simon,* 28 R. I. 555, 68 A. 431. The aggrieved executor is still not deprived of relief in equity on the ground of fraud or of mutual mistake. There are, of course, cases to the contrary, but they are governed by particular statutes under consideration. We think that, where the statute expressly provides, as in the instant case, that no exceptions may be filed after the 13 months' period of limitation, the claim stands as if formally adjudicated. The right of the executor cannot be enlarged by any rule or order of extension by the Court.

In 21 Am. Jur., Executors and Administrators, sec. 370, p. 591, it is said: "Under some statutes, the Court is authorized to extend the time originally fixed for filing of claims. In the absence of any provision therefor, however, the Court may not extend the period prescribed by statute." Citing *In re Woods' Estate,* 133 Fla. 730, 183 So. 10, 117 A. L. R. 1202.

Upon the foregoing authorities, we think it was error for the Court of Appeals to hold that this appeal was from an interlocutory order. It should have held that the order extending the time for filing exceptions to claims was a nullity and left the plaintiff's claim as a valid and binding obligation against the estate. The judgment of the Court of Appeals is reversed without prejudice, however, to the right of the executor to file a bill in chancery for such relief as under the facts he may be entitled to.

The executor, however, may still question the validity of the claim by filing a bill in the Chancery Court seeking relief upon the ground that his failure to file exceptions in time was due to no want of diligence on his part but was due to the fraud of the claimant.

GAILOR, PREWITT & TOMLINSON, JJ., concur.

BURNETT, J., not participating.