BOWLING *et al. v.* MINTON *et al.*

(*Knoxville,* September Term, 1951.)

Opinion filed December 14, 1951.

WOOLSEY, LEONARD & KING, of Bristol, for complainants.

BAUMGARDNER & BAUMGARDNER, of Bristol, and GEO. N. BARNES, of Johnson City, for defendants.

MR. JUSTICE PREWITT delivered the opinion of the Court.

Certiorari has been granted and the case presented here. The question is, where a creditor files suit in chancery to subject the intestate's real estate to the satisfaction of a claim filed in the county court under Code Section 8196.1 et seq., can the heir make defense thereto when the time for filing exceptions has expired?

The Chancellor held that the heir could make defense to the claim. His decree was reversed by the Court of Appeals.

In disposing of this question, we quote from the Chancellor:

"Charles H. Minton qualified as administrator of Oscar L. Glover, deceased, on May 7, 1948 and posted handbill notice for creditors. On September 18, 1948, cross-complainant Lillie Glover filed claim in the County Court as follows:

" 'For care and labor for 5 years of Oscar L. Glover $2500.00.'

"No other claims are shown to have been filed but on March 7, 1949, the administrator filed his first and final accounting showing personal assets of $525.65, which were applied on funeral bill of $472.50 and expenses of administration, together totaling $539.08. The Lillie Glover claim thus was not reached from the proceeds of personalty. No exceptions were filed to it by the administrator and if in proper form it became final on March 7, 1949. The administrator had prepared and signed suggestion of insolvency on March 6, 1949, but did not file same until August 25, 1949.

"Lillie Glover is a maiden lady, past middle age, who resided with her bachelor brother Oscar L. Glover and Charles H. Minton, their nephew, she being now the sole survivor of the three, Minton having died during this litigation—while other property is involved in other phases of this suit, we presently consider only the validity of the Lillie Glover $2500.00 claim just described, and whether she can subject to its payment a six and one-half acre tract in the 16th Civil District of Sullivan County where the brother and nephew resided with their sister and aunt, Lillie Glover, prior to their death, and where she yet resides. This tract was owned by Oscar L. Glover and passed to his heirs at law, now parties to this cause, one of whom, W. R. Glover, owning a one-sixth share, makes active contest of Lillie Glover's claim.

"While numerous technical objections have been raised they can be mooted by proceeding straightway to two finally determinative questions,

"First, whether the heir W. R. Glover can question the validity of the claim after having failed to file exceptions in the County Court, and

"Second, assuming that the claim may be questioned here, whether it is a valid debt of decedent's estate.

"There seems to be no doubt that the heir at law could contest the validity of a creditor's claim in a proceeding to subject the ancestor's realty prior to the Act of 1939. Gibson, § 991; Williams' Code, Sect. 8213 and cases noted p. 643 under 'Heirs or Devisees as Parties'. The personal representatives right of contest has been heretofore in protection of the personalty and only when such estate has been exhausted has the realty been available, which had meanwhile been held by the heirs from the date of decease by operation of law. As counsel for the heir aptly quotes, '*  *  * there is no privity between them (the heirs) and the representative.' *Woodfin* v. *Anderson*, 2 Tenn. Ch. 331, 339.

"Has this relation and procedure been changed by the Act of 1939? There is language in Section 3, Code Sect. 8196.3, to suggest it; when referring to the time for filing exceptions, it is said: '*  *  * and at any time during or prior to such thirty day period, *but not thereafter*, the personal representative, or any party interested in the estate either as a creditor, distributee, *heir* or otherwise, *may* except *  *  *. (Emphasis supplied.)'

"But on consideration in context it is apparent that this procedure only has to do with the administration of the personal estate, and the heir is granted the right to be heard on exceptions to claims which might exhaust the personal estate and leave a deficiency to be asserted against his realty.

"But he is only given a permissive right to be heard, because of this secondary interest; he is not one who

*must* be notified and who must appear under penalty of having rights cut off.

"This conclusion is borne out by later portions of the 1939 Act. In Section 8, (Code Sect. 8196.8) wherein concurrent jurisdiction is conferred on the Court of administration to subject decedent's realty, it is provided that when such a step is proposed 'The surviving spouse, heirs, devisees, encumbrancers and others interested in the realty * * * shall be impleaded.'

"Here is the language of a hearing to conclude rights. It would be idle to make the heirs parties unless they could be heard on the question of validity of claims. The same Section later provided that the procedure shall follow 'that prescribed for the conduct of such causes in Chancery', and expressly preserves the preexisting jurisdiction of Chancery. I hold, therefore, that the conventional Chancery procedure, described in Gibson, Section 988 et seq., remains unchanged with respect to the heir's right to contest the validity of claims against a decedent to a suit to reach his lands."

We are of the opinion that the decree of the Court of Appeals rather than that of the Chancellor is correct.

The purpose of the administration statute of 1939 was to expedite the settling up of estates.

In *Warfield* v. *Thomas' Estate,* 185 Tenn. 328, 206 S. W. (2d) 372, 375, it was held that a claim unexcepted to "stands as if formally adjudicated."

In *Wilson* v. *Hafley,* 189 Tenn., 598, 226 S. W. (2d) 308, 312, it was said: "And again this Court in *Warfield* v. *Thomas' Estate,* supra, said:

" 'Should this uncontested claim be regarded as final against the estate? We think it is so adjudged by force of the statute when no exceptions are filed by the personal representative, or other interested parties.' "

The statute allows exceptions to be filed by "the personal representative, or any party interested in the estate either as creditor, distributee, heir or otherwise". Code Supp. Section 8196.3.

We are of the opinion that the legislature had in mind the distinction between personal and real assets and intended that the "heir" should be bound by the proceedings held in the county court.

It is insisted that as the heirs are to be impleaded if the sale is had under Section 8 of the act, Code Supp. Section 8196.8, it follows that they have a right to contest the claim after it has become final. The statement that the "surviving spouse, heirs, devisees, encumbrancers and others interested * * * shall be impleaded" is simply a provision that all parties in interest shall be made parties to the suit. All parties in interest should be made defendants in a suit to sell land in order that it would bring its full value, to protect the purchaser and to fix and determine the rights involved, but this does not mean that the heirs are allowed to relitigate claims determined by judicial action.

It results that the assignments of error are overruled and the decree of the Court of Appeals is affirmed.