L. B. Needham, Adm'r., etc.

*v.*

Boyd Moore

(*Jackson*, April Term, 1956.)

Opinion filed June 8, 1956.

Rehearing Denied July 20, 1956.

W. R. LANDRUM, Trenton, for petitioner.

HAL HOLMES AND W. R. KINTON, SR., Trenton, for respondent.

Mr. Justice Burnett delivered the opinion of the Court.

This suit originated in the County Court of Gibson County, and involves a claim filed by Boyd Moore against the estate of W. H. Needham, deceased, L. B. Needham being the administrator of deceased's estate.

The claim was for:

"November 5, 1950 to April, 1951

Board, room and services rendered W. H.
Needham _____ $ 300.00

April, 1951 to July 25, 1951

Board, room, nursing (day and night), laun-
dry, medicine and doctor's bills for W. H.
Needham ($24.00 per day)_____ 2520.00

$2820.00"

The claim was duly verified according to statute and filed with the County Court Clerk on August 8, 1952. When the matter finally reached the Circuit Court in 1954, upon motion of the now petitioner's counsel, the Circuit Judge held that exceptions to this claim were not filed in the time allowed by statute and rendered a judgment on the claim. The matter was seasonably appealed to the Court of Appeals wherein that court reversed and held that the exceptions were timely filed. A petition for *certiorari* was filed which has been heretofore granted and argument has now been heard and we have the matter for disposition.

██ The administrator qualified on August 23, 1951, and made a publication to creditors in a local newspaper, the first publication being made on November 29, 1951. The claim here in question was filed within nine months,

to-wit: on August 8, 1952, this being within the last month of the period for filing claims. Exceptions to this claim were filed by a grandson of the deceased on September 29, 1952. The statute, T.C.A. sec. 30-516 provides in part, as applicable herein, as follows:

"If a claim is filed within the last month of the period for the filing of claims, the personal representative shall have thirty (30) days after receipt of notice from the clerk of the filing of said claim within which to except thereto. A claim filed within the last month shall not become a final judgment against the estate until after the expiration of thirty (30) days after such notice has been given as above provided."

In the same Code Section the clerk is required within five days after the filing of a claim to enter it on a book and give written notice to the personal representative of the filing of the claim in the manner provided in the statute. The giving of this written notice by the clerk to the personal representative or those interested in protesting the claim is mandatory. *Cromwell v. Dobbins,* 191 Tenn. 92, 231 S.W.2d 577. The record in this case is absolutely silent as to whether or not this notice was given. In view of the mandatory provision of the statute and the circumstances here the Court must presume that the notice was given to the proper personal representative within the statutory time after this claim was filed. Obviously the exceptions were not filed within 30 days from the filing of this claim presuming notice given in the statutory time. The exception is not required to be filed in 30 days from the filing of the claim. This provision merely provides a grace period to the estate which might even go beyond the 10 months hereinafter mentioned.

■ Under our claims act which originated with Chapter 175 of the Public Acts of 1939, as since amended, and which is now carried in T.C.A. sec. 30-509 et seq., after letters of administration have been issued to one the clerk of the court must publish a notice to creditors. Within nine months from the publication of this first notice creditors must file any claims that they have with the clerk. If within this nine months claims are not filed or other things which are not done which are not necessary here to mention, all claims whatsoever of any sort not filed within that period are forever barred. T.C. A. sec. 30-509 et seq. The personal representative or any creditor, distributee, heir or what not of those interested in defeating the claim who would have an interest in the estate may except to the claim as filed by filing written exceptions as provided by the statute with the clerk and all issues upon these exceptions are tried by the probate judge, without formal proceedings upon oral evidence. *Cooper's Estate v. Keathley,* 27 Tenn.App. 7, 12, 177 S.W.2d 356.

■ As has been said in a number of opinions the purpose of this Act is to afford a very simple and expeditious remedy for the administration of estates, and in doing so the Act is liberally construed. *Wilson v. Hafley,* 189 Tenn. 598, 226 S.W. 2d 308; *Bowling v. Minton,* 193 Tenn. 141, 244 S.W. 2d 998. An excellent analysis of the various statutes here under consideration, concerning the filing of claims, is made by the writer of *Pritchard Wills and Estates,* Phillips, Vol. 2, beginning on page 258.

■ The filing of a claim in effect amounts to a demand for payment and is the equivalent of the beginning of an action. *Wilson v. Hafley, supra.* It puts those inter-

ested in defending the estate against this claim as well as creditors, T.C.A. sec. 30-517, on notice that they *must* file exceptions, or the claim will be allowed and they will be forever barred from objecting unless there is some fraud or such matter that a court of equity might reach. *Wilson v. Hafley, supra.* The filing of this claim within the time as fixed by the statute arrests the running of the statute of limitations which is otherwise applicable. T.C.A. sec. 30-512.

Section 30-517 of T.C.A. provides among other things that exceptions to claims may be filed any time up to 30 days after the expiration of the nine months period for filing claims, ''but not thereafter''. This section also allows personal representatives and others interested in the estate to except and then it provides as to how the exceptions shall be filed; and that within five days after the filing of the exceptions to any claims that have been filed the clerk is required to notify the claimant.

''Failure to except to a claim amounts to an admission of its justness; and the claim becomes, in effect, a judgment against the estate at the end of the statutory period, which is normally ten months from the date of notice to creditors. A claim filed within the last month does not become a final judgment against the estate until after the expiration of thirty days after notice of such claim has been given.'' Pritchard, Wills and Estates, Phillips, *supra,* p. 268.

And again that work so well says that:

''When the time for filing exceptions has passed, the uncontested claim becomes final against the estate.''

We approve these statements and must say that our conclusion is as concluded by the writer of this work.

■ The disagreement between the lower courts herein and between counsel for the respective sides seems to be based on the proper method of computing the time as allowed by the statutes above referred to wherein this claim may be excepted to. Under the statute, sec. 30-509 et seq. T.C.A., which allows for claims to be filed within 9 months from the notice, that is, the first publication, *Pennington v. Pennington,* 182 Tenn. 391, 187 S.W.2d 532. The general rule in this country is "that the word 'month,' in whatever connection used, signifies a calendar month, regardless of the number of days it contains, unless there is something to indicate that a meaning to the contrary was intended * * *" 86 C.J.S., Time, sec 10, p. 837. The author of this same annotation, a little further on in the same section, says:

"and it runs from a given day in one month to a day of the corresponding number in the next or specified succeeding month, except where the last month has not-so many days, in which event it expires on the last day of that month. Thus, a month is the period of time intervening between a given date and the corresponding date of the next succeeding month by name, and, since the number of days in the calendar month varies, the number of days in such period is necessarily limited by the number of days in the month during which the computation begins, and also in which it ends."

In a comparatively recent case (March 1953) the Supreme Court of Utah *in Re Lynch's Estate,* 254 P.2d 454, has this to say:

"Such a month commences at the beginning of the day of the month on which it starts and ends at the expiration of the day before the same day of the next month. Thus a month which starts with the beginning

of the first day of a calendar month would end at the end of the last day of such month, and not at the last end of the first day of the next month. If the month in question commenced on a day other than the first day of such month, such as at the beginning of the 23rd day of such month, it would end at the expiration of the 22nd day of the next month and not at the expiration of the 23rd day of the next month, which would be the beginning of another month. In the present case we exclude from our calculations the day of the act or event after which the designated period of time begins to run, which is November 22, the day on which the motion was overruled, and start counting from the beginning of the 23rd day of that month; from that time one month would end at the expiration of the 22nd day of December, or just before the 23rd commenced, which marked the beginning of another month.''

This illustration aptly and clearly fits that now under consideration. At this time we will say that our State has likewise adopted the statutory rule for excluding the first day and including the last unless the last day is on Sunday then it shall also be excluded in computing time. Section 1-302, T.C.A. This is a statutory enactment of the common law rule.

See *Hanover v. Boyd,* 173 Tenn. 426, 121 S.W.2d 120. *Cowan v. Donaldson,* 95 Tenn. 322, 32 S.W. 457; *Elder v. Bradley,* 34 Tenn. 247.

■ We think unquestionably this rule applicable and it requires that the first day be excluded and the last day included. When we follow this rule the preposition as used in the statute ''within'' fixes the terminus ad quem, but not the terminus a quo, which is to say, that it em-

braces the last day covered by the limit. *Hamilton v. State,* 101 Tenn. 417, 47 S.W. 695; *Union Trust Co. v. Chattanooga Electric Ry. Co.,* 101 Tenn. 297, 47 S.W. 422.

Applying these tests to the facts of the instant case when applied to Section 30-517, T.C.A. (the 9 month period for filing claims and 30 days period for filing exceptions) we find that the first publication was dated November 29, 1951. Nine months thereafter would make the time as of August 29, 1952. Then, even though we do not exclude the first and include the last in the 30 day period, this would make the exception which was filed on September 29, 1952, in time because September 28, 1952, was Sunday. We think though, that in any event, that when being considered separately that the same rule would apply here as to the exclusion and inclusion day rule would apply. Without applying it it brings, under this section of the Code, the exception within the time. Then too if we take it as 10 months from the filing of the first publication, applying this rule, it would make it the last day for filing exceptions on September 29, 1952, or the day that it was filed.

To apply the illustration above to the facts of the instant case (spell it out in words and figures) we have: excluding from our calculations the day of publication (November 29, 1951) after which the designated period of time begins to run, and start counting from the beginning of the 30th day of that month (November 30, 1951): from that time nine months would end at the expiration of the 29th day of August, 1952, "or just before the 30th commence'd, which marked the beginning of another month". Now we add 30 days thereafter to except. We have two days in August and 28 days in September which

is September 28th. This was on Sunday and must be excluded.

The serious question of this lawsuit is presented by the conflict in Section 30-516 and Section 30-517. In the first section it is provided that if a claim is filed in the last month of the 9 months filing period "the personal representative shall have thirty (30) days after receipt of notice", within which to except. In the second section that we have just discussed it is said that "the personal representative may wait thirty (30) days before making payment of claims that have been filed, and at any time during or prior to such thirty (30) day period but not thereafter", anybody interested in the estate "may except to any claim by filing written exceptions", etc. In the case here, as we have heretofore pointed out, we have in the one instance the exception not being filed within 30 days after presumptively the notice has been given and in the second instance we have the exception filed on the 30th day or within the time allowed by the second section. This conflict must be worked out in some reasonable, legal and feasible manner.

■ These statutes which we are considering here beginning with Section 30-509, T.C.A. and in particular Section 30-516, T.C.A. and Section 30-517, T.C.A. all form an orderly system for the probate and distribution of estates. When the different statutes do thus form a system or a scheme they should be construed so as to make the scheme consistent in all its parts and uniform in its operation. *Davis v. Beeler*, 185 Tenn. 638, 207 S.W.2d 343; *State v. Allman*, 167 Tenn. 240, 68 S.W.2d 478, and others. In thus construing a statute we consider these statutes together under the rule normally

called, in *pari materia.* *Stevens v. Linton,* 190 Tenn. 351, 229 S.W.2d 510, and others.

The provision in Section 30-516, T.C.A. in reference to claims filed in the ninth month was first carried in Chapter 137 of the Public Acts of 1947. This amendment was brought about by the facts as developed in *Warfield v. Thomas' Estate,* 185 Tenn. 328, 206 S.W.2d 372. This section is giving an additional or different time within which to file exceptions when a claim is filed within that last month. Then the personal representative shall have 30 days from the time that he received notice of the filing of the claim within which to except thereto. He, the exceptor, may still except within 30 days after the ninth month. The provisions of this section are not a prohibition on when claims may be excepted to as are the provisions of Section 30-517, T.C.A. but are a probation of when claims may be excepted to which are filed in the ninth month. This in no way changes the 30 day period from the end of the 9 months as provided in Section 30-517, T.C.A. There is no provision in any statute requiring a claim to be excepted to prior to 30 days after the ninth month as provided in Section 30-517, T.C.A. This provision, Section 30-516, T.C.A., was merely made so that when it might develop that a claim was filed on probably the last day of the 9 months and no knowledge or opportunity of those interested to investigate then they should not be cut off from their right to defend the claim until notified by the clerk. Those interested in the estate have 30 days from the end of the 9 months from the first publication within which to file exceptions and in the case where a claim is filed within the last month then the clerk is demanded, (it is mandatory, *Cromwell v. Dobbins, supra*) to give

notice and then within that time those interested in the estate have 30 days within which to except, which period may run beyond the 9 months and 30 days but never is the exception required to be filed before 9 months and 30 days. In other words Section 30-516, T.C.A. provides an exception to the requirements of Section 30-517, T. C.A. wherein claims filed in the ninth month may be excepted to after nine months and thirty days provided the provisions of Section 30-516, T.C.A. are otherwise complied with.

When we thus consider the facts of the case now before us it is seen, for the reasons above expressed, that the exceptions to the claim here filed were filed within the time allowed by the statute. Having thus reached this conclusion, after much independent investigation as well as the reading and rereading of the briefs and listening to oral arguments herein, we are satisfied that the result reached by the Court of Appeals was correct. It necessarily follows then that that judgment be affirmed and that the suit should be remanded to the Circuit Court of Gibson County where it will be tried upon the issues of fact raised by the claim and the exceptions filed thereto. The costs of the appeal to the Court of Appeals and to this Court will be taxed against the petitioner to these Courts, that is, appellant and the costs below will await the outcome of the suit there.

On Petition to Rehear

The petitioner has filed an earnest, courteous, dignified and forceful petition to rehear in this case wherein it is contended, "that there is a limitation on the time for the filing of exceptions as set out, not only in Section 30-517, but in Section 30-516 T.C.A." There is no question now raised as to our conclusion as to the time of

filing within the nine months and thirty day period as was urged in the original argument before us. We have read this petition three times and have re-read our original opinion herein as well as again reading the statutes on questions referred to in the quotation above and other authorities. After having done so, we are now more than ever satisfied with the conclusion we have reached in our original opinion.

The petitioner argues very earnestly:

"that there is no way around the provision of the statute relative to claims filed within the ninth month, to the effect that if the claim is not excepted to within thirty days from the five days notice given by the clerk that the claim becomes a final judgment by force of the statute. It matters not whether the claim was filed on the first, second, or any other day of the ninth month. If it is filed on the last day of the last month, then the parties in interest would have thirty days from the five days notice given by the clerk in which to file exceptions, and which, by virtue of the amendment, would carry the period beyond the thirty days following the nine months, as provided by the other sections, and at the expiration of that thirty days, if no exceptions were filed, it would become a final judgment by virtue of the statute. But certainly in no instance is a claim filed in the ninth month controlled, so far as exceptions are concerned, by the exceptions filed within thirty days to those claims filed within the eight months. The two sections are separate and distinct. There is no ambiguity about either. The line of procedure is definite, understandable and can stand together, one independent of the other. Any other construction, in

my opinion, is contrary to the clear and manifest intention of the legislature.''

In answering this very earnest and sincere argument we first refer to the second paragraph on page 455 (725 of 292 S.W.2d) in the original opinion wherein we stated:

"These statutes which we are considering here beginning with Section 30-509, T.C.A. and in particular Section 30-516, T.C.A. and Section 30-517, T.C.A. all form an orderly system for the probate and distribution of estates.''

We think that this statement is true beyond a peradventure of a doubt. Now taking the statement as true which we think must be so taken, we take the language of Section 30-516, T.C.A. here pertinent which is:

"If a claim is filed within the last month of the period for the filing of claims, the personal representative shall have thirty (30) days after receipt of notice from the clerk of the filing of said claim within which to except thereto.''

Clearly this language means only that when claims are filed within the last month no judgment can be taken against the personal representative or nothing done to injure the personal representative *within the thirty day period from the receipt of notice* which is required to be sent and which is commented on in our original opinion. That is all that this does, it merely prohibits anything being done about a claim filed in the ninth month until thirty days after the notice has been received from the clerk. It does not require an exception to be filed.

Now we take the sentence immediately following that just quoted which is:

"A claim filed within the last month shall not become a final judgment against the estate until after the expiration of thirty (30) days after such notice has been given as above provided."

This provision is likewise a prohibitory provision in that it prohibits anything being done "until after the expiration of thirty (30) days" from the giving of notice. It does not say or govern in any way the time of filing exceptions as is controlled by Section 30-517, T.C.A. This section and these two quotations above are merely prohibitory language from taking any advantage of the personal representative of the estate until he has had at least thirty days after getting of notice. It does not in any way as does the following Section 30-517, T.C.A. control the time of filing exceptions.

Section 30-517, T.C.A. is the only section in this legislation which controls the time of filing exceptions and these may be filed "at any time during or prior to such thirty (30) day period, *but not thereafter * * *.*" The language and exceptions of Section 30-516, T.C.A. just above quoted are an exception to the general exception covering the whole statute wherein these exceptions may be filed anywhere up to ten months, that is thirty days after the nine months from the time of publication when a claim is filed in the ninth month which after the giving of notice and the thirty days thereafter would take the period beyond the tenth month. In other words the language and purpose clearly of Section 30-516, T.C.A. is an exception to this.

We think under the authorities heretofore cited and under others that might be cited that it is clearly our duty to construe these two sections of this uniform act

together and when thus construing it the language cannot mean anything other than what we have said.

We have carefully considered the matters herein and must overrule the petition to rehear for the reasons expressed.