In re ESTATE of MRS. FRED (Sarah) ROSS, Deceased.

RICHARD D. TAYLOR, Administrator, Appellant v. JORDAN BRUMMITT, Appellee.—434 S.W.(2d) 333.

Middle Section. July 26, 1968.

Certiorari Denied by Supreme Court September 3, 1968.

Richard D. Taylor, Nashville, for appellant.

W. B. Hogan, Nashville, for appellee.

TODD, J. Richard D. Taylor, Administrator of the estate of Mrs. Fred (Sarah) Ross, deceased, has appealed from an order of the Probate Court of Davidson County, Tennessee, whereby the exceptions of the administrator against the claim of Jordan Brummitt were dismissed and said claim was allowed.

The first assignment of error is as follows:

"The Court erred in sustaining the claimant's motion to dismiss the exceptions of the administrator to said claim inasmuch as said exceptions were filed within thirty (30) days of the receipt of notice by the administrator which filing was timely. This action of the Court prejudiced the appellant in relieving the claimant of any need to prove his claim."

The action of the probate judge was based upon Secs. 30-516, 30-517 T.C.A., pertinent portions of which are as follows:

"30-516. *Written notice given personal representative of filing claim—Exceptions to claims—Jury trials upon demand.*—The clerk of the court, within five (5) days after the filing of a claim and the entry thereof in the claim book as provided above, shall give written notice to the personal representative of the filing of the claim, by mailing him a true and correct copy of said claim. If a claim is filed within the last month of

the period for the filing of claims, the personal representative shall have thirty *(30) days after receipt of notice from the clerk* of the filing of said claim within which to except thereto. A claim filed within the last month shall not become a final judgment against the estate until after the expiration of thirty *(30) days after such notice has been given as above provided.*" (emphasis supplied)

\* \* \* \* \* \*

"30-517. *Payment of claims — Exceptions filed to claim—Certification of papers to and trial by circuit court on demand for jury.—At the expiration of nine (9) months* from the date of the notice to creditors, given as in sec. 30-509 provided, the personal representative may wait thirty (30) days before making payment of claims that have been filed, and at any time during or prior to such thirty (30) day period, but not thereafter, the personal representative, or any party interested in the estate either as creditor, distributee, heir or otherwise, may except to any claim by filing written exceptions in triplicate with the clerk of the court in which the estate is being administered." (emphasis supplied)

\* \* \* \* \* \*

It is undisputed that the first notice to creditors of this estate was published on January 3, 1967; that the claimant's claim was filed on September 20, 1967, and the exceptions of the administrator were filed on November 6, 1967.

The only fact in dispute is when the administrator received notice of the filing of the claim. The only evidence offered on this issue was a stipulation that the

clerk's record showed that notice of Jordan Brummitt's claim was mailed to the administrator on September 20, 1967, and the statement of the administrator that he denied the correctness of the clerk's record and that his exceptions to this claim were filed within 30 days of the receipt by him of any notice of said claim.

The claim was filed within the last month of the period for filing claims. Under Sec. 30-516, T.C.A., quoted above, the administrator was allowed 30 days after receipt of notice from the clerk within which to except. If such notice were received on or before October 3, 1967, then the allowable period for exceptions would be the same as that provided by Sec. 30-517 T.C.A.

In Needham v. Moore, 200 Tenn. 445, 292 S.W.2d 700 (1956), the Supreme Court interpreted Sec. 30-517 T.C.A. as follows:

"This section is giving an *additional* or different time within which to file exceptions when a claim is filed within that last month. Then the personal representative shall have 30 days *from the time he received notice* of the filing of the claim within which to except thereto." 200 Tenn. at 456, 292 S.W.2d at 725 (emphasis supplied).

Again, on page 456, 292 S.W.2d, on page 726 of the same opinion, the following words are emphasized in italics:

"within the thirty day period from the receipt of notice".

If a claim is filed within the last month of the period for filing claims, the delivery of notice to the personal representative, no matter how long delayed, is

a prerequisite to the beginning of the 30 days within which exceptions must be filed.

In this view of the law, it becomes necessary to make a finding of fact as to when the administrator received notice.

The meager evidence on the time of receipt of notice has been heretofore recited. The record of the clerk is prima facie evidence that the notice was dispatched. If an inference of prompt delivery be indulged, it is countered by the solemn denial by the administrator. His testimony in effect is that the notice was received no earlier than October 7, 1967 (30 days before filing exceptions).

The claimant having moved to dismiss (or strike) the exceptions for tardiness, it would logically follow that the claimant would have the burden of showing tardiness, which includes proof of date of delivery of notice. The claimant has not carried the burden of showing date of delivery of notice, consequently claimant has failed to carry the burden of showing tardiness and the forfeiture of right to except.

The preponderance of the evidence supports the contention of the administrator. His testimony as to date of receipt is of greater probative value than the inference arising from a record of mailing.

The first assignment of error is therefore sustained.

The second assignment of error dealing with necessity of proof of the claim in the absence of exceptions is pretermitted in view of the foregoing ruling upon the first assignment.

The judgment of the probate court is reversed, and the cause is remanded for further proceedings upon the

merits of the issue raised by the claim and exceptions thereto.

The costs of this appeal are assessed against the administrator as part of the costs of administering the estate.

Reversed and remanded.

Shriver, P. J., and Puryear, J., concur.