Brent HILL and Regina Hill,
Plaintiffs/Appellees,

v.

TENNESSEE RURAL HEALTH IM-
PROVEMENT ASSOCIATION and Blue
Cross Blue Shield of Tennessee, Defen-
dants/Appellants.

Court of Appeals of Tennessee,
Middle Section.

April 20, 1994.

Permission to Appeal Denied by Supreme
Court Aug. 1, 1994.

Ben Boston, Christopher V. Sockwell, Bos-
ton, Bates & Holt, Lawrenceburg, for appel-
lees.

John R. Rucker, Jr., Murfreesboro, for
appellants.

### OPINION

LEWIS, Judge.

Defendants/appellants, Tennessee Rural
Health Improvement Association and Blue
Cross/Blue Shield of Tennessee (Blue
Cross)[1], appeal from the trial court's judg-
ment awarding plaintiffs the sum of $2,456.88
under the maternity benefit section of a poli-
cy of insurance issued by Blue Cross to
plaintiff.

There is no dispute as to the following
facts:

Blue Cross issued its policy of insurance to
plaintiffs on 10 May 1990. The policy con-
tained the following pertinent provisions:

As stated, maternity does not require pre-
admission certification. However, a family
Farm Bureau coverage must be in effect
for nine consecutive months before bene-
fits will be available.

---

1. The defendants/appellants shall hereafter be re-
ferred to collectively as "Blue Cross" or individu-
ally by name.

### E. MATERNITY SERVICES

Hospital services and surgical/medical services from a provider for normal pregnancy, complications of pregnancy, miscarriage and therapeutic abortion. The nursery room charge for an eligible newborn will be an eligible expense if the mother is entitled to and receiving benefits under a family contract.

We pay maternity benefits for covered uncomplicated cases, including the initial pediatric examination of a newborn, only under Farm Bureau family coverage which has been in effect for nine consecutive months.

Benefits for complications of pregnancy are provided on the same basis as for any other condition.

### F. WAITING PERIOD:

You have to wait 12 months before you can receive benefits for a pre-existing condition. You must have Farm Bureau family coverage for 9 consecutive months to be eligible for maternity benefits.

This section lists services which are not covered by the Preferred Care Certificate. Read this section carefully before submitting a claim.

At the time the policy was issued on 10 May 1990, the plaintiff Regina Hill was not pregnant. Plaintiff Regina Hill gave birth to a daughter on 7 February 1991.

Plaintiffs incurred medical expenses at the Maury County Regional Hospital in the sum of $2,456.88. These expenses would have been covered under the policy if there was coverage.

The issue for our consideration is: Whether coverage was in effect under the insurance policy for nine consecutive months so that benefits are available.

In its final judgment, the trial court stated, in part, as follows:

The term "consecutive months" could have been defined in the policy of insurance. It was not. The proof offered at trial by the defendants' witness was that a month was a period of thirty (30) days. The plaintiffs testified to how they interpreted the term "consecutive months." It is well settled in this state that in cases such as this, the wording of the contract shall be construed against the drafter, the defendant herein. When the defendant undertook to write the contract, it also undertook to carefully prepare the conditions and restrictions. It would have been very simple for the defendant to define what it meant by "consecutive months." Since it did not, the plaintiffs carried their burden of proof.

■ We review findings of fact by the trial court in civil actions "*de novo* upon the record of the trial court, accompanied by a presumption of the correctness of the finding, unless the preponderance of the evidence is otherwise." Tenn.R.App.P. 13(d). However, this presumption does not attach to conclusions of law of the trial court. *Presley v. Bennett,* 860 S.W.2d 857, 859 (Tenn.1993).

■ Insurance contracts, as are other contracts, are interpreted by giving the language in the contract its usual, natural, and ordinary meaning.

Insurance contracts are subject to the same rules of construction and enforcement as applied to contracts generally. In the absence of fraud or mistake, a contract must be interpreted and enforced as written even though it contains terms which may be thought harsh and unjust. In construing contracts, the words expressing the parties' intention should be given the usual, natural and ordinary meaning.

*Allstate Insurance Co. v. Wilson,* 856 S.W.2d 706, 708–09 (Tenn.App.1992) (citations omitted).

The plaintiffs insist that the trial court was correct since the term "consecutive months" was not defined in the policy and the policy was ambiguous. They further insist that counting from May 1990 to February, 1991, the policy was in effect for nine continuous months.

■ In *Needham v. Moore,* 200 Tenn. 445, 292 S.W.2d 720 (1956), our Supreme Court defined the word "month" stating as follows:

The general rule in this country is "that the word 'month,' in whatever connection used, signifies a calendar month, regardless of the number of days it contains, unless there is something to indicate that a meaning to the contrary was intended ..." 86 C.J.S., Time § 10 [1954]. The author of

803

this same annotation, a little further on in the same section, says:

> and it runs from a given day in one month to a day of the corresponding number in the next or specified succeeding month, except where the last month has not so many days, in which event, it expires on the last day of that month. Thus, a month is the period of time intervening between a given date and the corresponding date of the next succeeding month by name, and since the number of days in the calendar month varies, the number of days in such period is necessarily limited by the number of days in the month during which the computation begins, and also in which it ends.

*Id.* at 452, 292 S.W.2d at 723.

Under the definition of "month" as set out in *Needham,* the nine consecutive months in the instant case would begin on 10 May 1990 and end on 10 February 1991.

Consecutive should be given its ordinary and common interpretation. Consecutive in its normal and everyday interpretation means following successively without interruption. This court in *Vaughn v. American Heritage Life Insurance Company,* 573 S.W.2d 165 (Tenn.App.1978), relying on *Needham* stated that a three month insurance policy issued on 10 February would terminate at midnight on 10 May. *Id.* at 167. We stated "that a term of months ends on the same day of the terminal month as the day of the initial month on which the term began." *Id.*

It is clear under the unambiguous terms of the policy that the maternity benefits were effective nine consecutive months from the issue date of the policy on 10 May 1990.

It therefore results that the judgment of the trial court is reversed and the cause dismissed with costs on appeal taxed to the plaintiffs. The cause is remanded to the trial court for collection of costs incurred below and for any further necessary proceedings.

CANTRELL and KOCH, JJ., concur.