Long *v.* Wood *et al.*

(*Knoxville,* September Term, 1952.)

Opinion filed December 5, 1952.

H. K. Williams, Jr., Guy L. Webb and S. Frank Fowler, all of Knoxville, for appellant.

BEN H. TESTERMAN, J. C. BABCOCK and E. H. MARSH, all of Knoxville, for J. O. Carter, Jr., trustee, and Provident Life & Accident Ins. Co.

W. E. FITZGERALD and ELY & ELY, all of Knoxville, for Mrs. Annie Fitzgerald Long Wood and S. K. Robinson & Co.

PRIVETTE & MORTON, of Knoxville, for City of Knoxville.

WHITE & LEONARD, of Knoxville, for Claude Robinson.

MR. JUSTICE TOMLINSON delivered the opinion of the Court.

The determinative question in this case is whether the appellant, Mary Ann Long, a minor, has any interest, vested or contingent, in the estate disposed of by the third item of the will of her grandfather, James F. Long, Sr. In order to determine that question it was necessary for the Chancellor to construe Item III of this will. Without writing an opinion, his decree was that she has no interest. She has appealed, and here insists that under a proper construction of Item III she is owner of all the property therein mentioned, subject to the life estate of her grandmother, Mrs. Wood, the appellee.

The testator was forty-five years of age in 1916 when he executed this will. He died three weeks later. His family consisted of his wife, now Mrs. Wood, and their two sons, Thomas and James, seven and nine years of age, respectively.

This item of the will is as follows:

"Third: I give, devise and bequeath to my wife Annie Fitzgerald Long all the rest and residue of my estate, real and personal, for her use during her life. At her death the residue of said estate to be placed in trust for my children, Thomas Long and James Long. The Directors of said fund to be selected by the then resident pastors of the Church of the Holy-Ghost and the Church of Immaculate Conception Knoxville Tennessee. Each child is to receive in equal portion the income of said fund until such time as above mentioned resident pastors shall consider him capable of controlling absolute ownership of his share of estate, when it shall be given to him outright. Should either child die before end of Trust his share shall continue in trust for his legitimate heirs. Should he be without legitimate issue then

his share reverts to his brother. Should both children die before their mother she may dispose of the estate as she sees fit.''

Thomas and James, the two sons of testator mentioned in Item III, died in 1944 and 1951, respectively. Thomas left surviving his only child, the appellant. James left no issue surviving. Their mother, now Mrs. Wood, is living. She is the one to whom is given a life estate in the property mentioned in the third item. There is thus brought into controlling importance the last sentence of that item providing that "should both children die before their mother she may dispose of the estate as she sees fit".

Based upon the immediately above quoted last sentence of Item III, and the fact that she survived both Thomas and James, the mother concludes that she is now the absolute owner of the property mentioned in that item. That is the insistence here made for her, and for those to whom she has conveyed some of the property involved. It is grounded upon the rule that the unlimited power of disposition granted to one to whom a life estate is given vests such life tenant with absolute title to the property so given. Code Section 8093 enacted years after this will was probated is not applicable.

 The brief filed in behalf of one appellee states that one of appellant's contentions is that the death of the children referred to in the above quoted last sentence of Item III means the death of such children during the lifetime of the testator. We do not construe appellant's brief as making this contention. Nevertheless, in view of the fact that there seems to be some question about it, perhaps it is better for us to say that, in our opinion, the testator did not mean death of the two sons occurring

in his lifetime, but meant death occurring after the testator's decease. Applicable here is the rule stated in *Katzenberger* v. *Weaver*, 110 Tenn. 620, 632, 75 S. W. 937, 940, as follows:

"* * * a testator is not supposed to contemplate the event of himself surviving the object of his bounty; and consequently, where there is another point of time to which such dying may be referred (as obviously is the case where the bequest is to take effect in possession at a period subsequent to the testator's decease), the words in question are considered as extending to the event of the legatee dying in the interval of the testator's decease and the period of vesting in possession".

Stated in logical sequence, the first insistence of appellant is that "the remainder interest given in trust for the two sons * * * vested in these two boys at the death of the testator".

Item III provides that after the death of the life tenant trustees are to be selected and the property is to be taken over by them. The only right the sons then have is to receive the income until, as to each child, the "end of trust" as to that child. Until that time the child is the owner of nothing, other than a contingency, except the income. If he dies "before end of trust", as to him, the share intended for him goes to other persons mentioned in Item III when, and if, the contingencies mentioned become an actuality. In the opinion of this Court these provisions can have no other effect than to postpone the vesting, if ever, of the estate as to each son until the "end of the trust", as to such son.

The final and principal insistence of appellant is that no conclusion may be reached from the language used in

Item III other than that it manifests a dominant intent upon the part of the testator that after the death of the life tenant this property shall go to his two sons if they be living, or if not, to their issue; and, if there be no such issue as to either son, his share shall go to the other brother if living and, if not, to the issue of such other brother. Based upon this premise, it is said that this grandchild owns the property in question subject to her grandmother's life estate.

It is insisted that, in order to carry out such manifest intent of the testator, the Court should read into this last sentence the words "without surviving issue", whereby this sentence will then read,—"should both children die without surviving issue before their mother she may dispose of estate as she sees fit".

The appellee's insistence is that the language of this last sentence of Item III is without ambiguity of any character; hence, that the Court is without authority to add thereto the words "without surviving issue". It is said by appellees that this would amount to nothing less than a guessing by the Court of the subjective intent of the testator, rather than a conclusion of the Court of the testator's intent by that which he says in his will.

It is made manifest by the face of the will that the intent was for the trust therein created "for my children" to come into active existence upon the death of the mother of these children. It is also apparent that the testator contemplated the fact that one of his children might die *after* the trust came into active existence, but *before* the "end of trust" as to such child. In order to provide for the disposition of this child's "share" in that event, the testator in one sentence directs that "his share shall continue in trust for his legitimate heirs". It is clear

that the testator likewise contemplated the fact that such child might die within this period without surviving issue. So, in the next sentence he directed that in event of death within this period *"without legitimate issue"*, his share should pass to his brother. In the next sentence the testator was contemplating the fact that both children might die "before their mother"; that is, before the trust came into active existence. He provided, therefore, by this third sentence against that contingency by directing that if that contingency occurred, their mother, the life tenant, "may dispose of estate as she sees fit".

Two sentences above the last sentence in Item III the testator had expressly mentioned the "legitimate heirs" of his children. One sentence above, he expressly mentioned the "legitimate issue" of his children. Can the Court assume that in the writing of the very next sentence the testator forgot to mention the issue or heirs to which he had expressly twice referred in the two immediately preceding sentences?

The safer, as well as more logical, conclusion is that no mention of the "issue" or "heirs" of the children was made in this last sentence, while such mention was made in each of the two immediately preceding sentences, because the testator's intention for some undisclosed reason of his own was not the same in the situation contemplated in the last sentence, as was his intention in the situations contemplated in each of the two immediately preceding sentences. "In the language of Lord Ellenborough, the more natural conclusion is that as his expressions are varied, they were altered because his intention in both cases was not the same." *Simpson* v. *Smith*, 33 Tenn. 394, 396. The Court is not, there-

fore, authorized to add to the last sentence the words "without surviving issue".

For the reasons stated this Court concludes that by reason of the death during their mother's life of these two sons, she, the mother, is given the right by this will to dispose of as she sees fit the property in which she is given a life estate by the third item of the will. By reason of such unlimited power of disposition in this life tenant, she is now the absolute owner of all that property.

Since the Court feels compelled to reach the conclusion stated, it cannot remedy what may appear to some to be an unjust disposition of this estate, a matter touched upon by the appellant's able brief. When it comes to making final disposition of property by will, the opinions of different testators sharply differ as to what is just and equitable as between the natural objects of their concern and affections.

Proceedings for the construction of this will were quite advisable, and are of substantial benefit to the appellee, Mrs. Wood. While we are not disposed to disturb the discretion exercised by the Chancellor in taxing the costs in the Court below to this grandchild, the appellant minor, we do think that the equities of the matter recommend the taxing of all costs of the appeal to Mrs. Wood. Code Section 9116.

The decree will be affirmed and all costs of the appeal will be adjudged against Mrs. Wood.