JONES et al. v. HORNER—260 S. W. (2d) 198.

Eastern Division at Knoxville. February 2, 1953.

Supplemental Opinion.

Writ denied by Supreme Court, June 5, 1953.

658

H. D. Kerr, of Cleveland, McAllester & McAllester, of Chattanooga, for appellant.

Corn & Bell, of Cleveland, for appellee.

SWEPSTON, J. This appeal presents but one question—was the option to purchase realty properly exercised so as to make a contract binding the optioner?

Appellant Jones was the tenant of appellee, Mrs. Horner, under a written lease for two years from January 14, 1950 at a rental of $100 per month. Said lease gave appellant an exclusive option to purchase during the lease term said property for a stated price and provided as follows:

"It is further agreed and understood that should second party elect said option he may exercise same by payment or tender of the agreed purchase price unto the first party or her designated agent".

Two days before the expiration of said lease Jones wrote a letter to Mrs. Horner, which was received, as follows:

"Cleveland, Tennessee
January 12, 1952

"Mrs. Leota S. Horner
4811 Albermarle, N. W.,
Washington 16, D. C.

"Dear Mrs. Horner:

"Notice is hereby given you that I will exercise the option which you and I executed on the 14th day of January, 1951, with a life of two (2) years for the sale of the land which you own in Bradley County, Tennessee, described as follows: 14.28 acres. Bounded on the North by Bowman lands; East by Dr. W. B. Campbell; South by Clyde Ragsdale, and West by Lee Highway.

"Said purchase price to be $27,000.00 4% less $2,400.00 paid as rent or a balance of $25,216.00. Twenty-five thousand ($25,216.00) two hundred and sixteen dollars.

"You are hereby notified to furnish me a warranty deed conveying a good, clear, free and unencumbered title to this property. Upon receipt of such a deed I will deliver you the balance of the purchase price in cash.

"After you have executed the deed I would like for my lawyers in company of your lawyers, if you desire that they be present, to check this title to see the condition thereof.

Yours very truly,"

No payment or tender of the amount stated in the letter was made during the term of the lease.

■■ Mrs. Horner refused to treat the above as a valid exercise of the option to purchase. Jones sued for specific performance. The Chancellor held with Mrs. Horner and dismissed Jones' bill. We think the Chancellor was correct. An option is a unilateral contract whereby the optionor for a valuable consideration grants the optionee a right to make a contract of purchase but

660

does not bind the optionee to do so; the optionor is bound during the life of the option, but the optionee is not. 55 Am. Jur. 492, sec. 27 et seq.

It is a continuing offer to sell irrevocable during the option period. Id. sec. 38.

 Its transition into a contract to purchase can be effected only by an unqualified unconditional acceptance in accordance with the terms and time specified. Id. sec. 39, 40.

"* * * where the option by its express terms requires that the payment of the purchase money or a part thereof accompany the optionee's election to exercise the option, the making or tender of the payment specified, unless waived by the optionor, is a condition precedent to the formation of a contract to sell. On the other hand, the terms of the option may require merely that notice be given of the exercise thereof, and may not require the payment of the purchase money in order to exercise the option. * * *" Id. sec. 41, which text is supported by copious authority.

It will be observed in Texas Co. v. Aycock, 190 Tenn. 16, 227 S. W. (2d) 41, 17 A. L. R. (2d) 322, cited by appellant, that the option contract provided for the giving of notice of election to exercise the option, whereas the present contract does not.

 The rule of substantial compliance with the terms of the contract which is applicable to bilateral contracts whereby both parties are already bound is not applicable to the exercise of an option, which as said is a continuing offer to make a bilateral contract. The uniform rule is that an offer to make a bilateral contract must be accepted precisely according to the terms of the offer. Ray v. Thomas, 191 Tenn. 195, 202, 203, 232 S. W. (2d) 32; Pet-

way v. Loew's etc. Corp., 22 Tenn. App. 59, 70, 117 S. W. (2d) 975.

■ The assignments of error are overruled and a decree dismissing the original bill will be entered here with costs against appellant.

Anderson, P. J., and Howell, J., concur.

### Supplemental Opinion

SWEPSTON, J. We have an inquiry from counsel as to whether we intended to decide the Circuit Court appeal when we decided the Chancery appeal on February 2, 1953.

We did not mention the Circuit Court appeal in the opinion, because obviously the decision of the Chancery appeal was decisive of both appeals.

When Mr. & Mrs. Jones failed to exercise the option by January 14, 1952 and their lease expired at the same time, Mrs. Horner became entitled to possession. She filed her unlawful detainer action in the magistrate's court. Prior to the date it was set for trial, the Jones' filed the bill in Chancery for specific performance and obtained a temporary injunction against further proceedings in the magistrate's court; the injunction was dissolved on motion but the bill was retained. Thereafter judgment for $613 damages and back rent was rendered against the Jones'; they then filed a petition for certiorari and supersedeas in the Circuit Court which was subsequently dismissed upon the plea of former suit pending involving the same determinative question. From this the Jones' took an appeal and filed several assignments of error but with no supporting brief, unless the brief in the Chancery appeal is to be understood as applicable to the appeal in error in the law case.

There was only one determinative question, a legal one. We decided that adversely to the Jones'. Hence necessarily both appeals went against them with costs.

Anderson, P. J., and Howell, J., concur.