GULF REFINING COMPANY, Appellee,

*v.*

PHILIP BELZ and SARAH BELZ, Appellants.

(*Nashville,* December Term, 1957.)

Opinion filed July 11, 1958.

SHEPHERD, HEISKELL, WILLIAMS, BEAL & WALL and AL H. THOMAS, Memphis, for appellants.

Cooper Turner, Jr., and Canada, Russell & Turner, Memphis, for appellee.

Mr. Justice Tomlinson delivered the opinion of the Court.

As a part of the consideration for the lease by Gulf Refining Company of a gasoline filling station, etc., Mr. and Mrs. Belz, who were the owners of the leased property, gave the Gulf Refining Company an option to purchase this realty within the time and on the terms specified in the option. The Gulf Refining Company gave written notice of its election to exercise this option. Mr. and Mrs. Belz refused to convey on the insistence that the option had not been exercised within the time allowed by its terms. Gulf Refining Company's bill prayed for specific performance. The answer of Mr. and Mrs. Belz demanded a jury to determine whether the Gulf Refining Company had given notice within a reasonable time, within the meaning of the option, of its election to purchase.

In view of a certain stipulation made when the case was called for hearing, the Chancellor held that the issue proposed for submission to a jury was not relevant in that it must be concluded, as a matter of law, based on this stipulation that the election to purchase was exercised within the time permitted by the terms of the option. Accordingly, on motion, he withdrew the issue from the jury and decreed specific performance.

Mr. and Mrs. Belz have appealed. Their insistence is that under a proper construction of the option, a jury question is made as to whether the notice of an election to purchase was given within a reasonable time before the expiration of the option.

The questions at issue have been very thoroughly briefed in behalf of each litigant. These briefs quote extensively from opinions of sister states as to the construction of the particular option there in litigation. It must be recognized, however, that the construction placed on other options is of little value unless the terms thereof are in substance the same as the particular option under consideration. For, after all, the outcome of this case must turn upon the construction which the Court thinks must be given the language of this option.

There is, however, one rule which the Court should apply in ascertaining that construction. That rule is that an option to purchase land within a given time should be construed so as to "extend the time the full limit of which the contract is susceptible, so as to prevent the right granted from being lost". *Allen v. Effler,* 144 Tenn. 685, 696, 235 S.W. 67, 70. In this connection, it must also be kept in mind that one of the considerations

which moved Mr. and Mrs. Belz to give this option was the leasing from them of this property for a term of years by Gulf Refining Company.

In so far as material to the determination of this case, the language of the option is this:

"First Party hereby gives and grants unto Second Party, its successors and assigns, an option to purchase the above described premises covered and affected by said lease at the end of the ten-year initial term of said lease, or any renewal or extension thereof, for the sum of Fifteen Thousand Dollars ($15,000.00)."

"Upon written notice to First Party by Second Party that the later will exercise its option to purchase subject to good and marketable title and the ability of Second Party to obtain all desired building or construction permits."

The optionors agree to furnish a complete abstract of title

"brought down to date of purchase, together with an opinion of title by a competent attorney"

showing marketable title free of encumbrance

"upon receipt by Second Party of said Abstract of Title and opinion of title, the Second Party shall have sixty (60) days in which to approve title and if same is satisfactory to Second Party".

First Party will deliver a deed to Second Party in exchange for payment of the purchase price in cash. And

"if the title to the premises is unsatisfactory to Second Party, Second Party shall at no time be under any obligation to purchase the premises."

The renewal lease in effect at the time the Gulf Refining Company gave notice of its election to purchase the property expired on September 14, 1956. It was on September 8, 1956, that this written notice was given the owners, Mr. and Mrs. Belz. Their contention is that the option, properly construed, means that the purchase must be completed "at or before the end of the lease", and that the notice to exercise the option must, therefore, be given such time prior to the expiration of the lease as will be reasonably sufficient to permit them to prepare the abstract of title, obtain the opinion of a lawyer as to the title, and allow the optionee sixty days within which to examine title, etc., after delivery of abstract to them; hence, that it must be concluded that notice of their election to exercise the option, to be effective, must be given probably ninety days prior to the expiration of the lease; and certainly, that eight days prior to the expiration thereof is unreasonable; and that, at any rate, it made a question of fact which the Chancellor should have permitted the jury to determine.

As this Court views the matter, the option contract is certainly susceptible of being construed to mean that the Gulf Refining Company had up to the expiration of the lease within which to give notice of its election to purchase. Being susceptible of that construction, it must be given that effect unless we ignore the rule stated in *Allen v. Effler, supra,* that an option contract will be so construed as to "extend the time the full limit of which the contract is susceptible, so as to prevent the right granted from being lost".

■ That such is the proper construction of this particular option is confirmed by certain surrounding circumstances reflected (1) in the agreement; and (2) otherwise, in the record. The lease and option were executed contemporaneously and, as the appellants say in their brief, both must be considered in construing this option agreement.

The lease provided that the lessee had the right to extend the lease for two additional terms of five years each

"by giving lessor written notice of the election to exercise this right of extension at least thirty (30) days before the expiration of such term."

The option executed contemporaneously with this lease did not provide any specific time before the expiration of the lease within which notice must be given of an election to purchase. This situation requires a conclusion, we think, that the intention of the parties as to time of notice with reference to the two instruments was different. Or, as stated in *Simpson v. Smith,* 33 Tenn. 394, 396, "in such case, in the language of Lord Ellenborough, the more natural conclusion is that as his expressions are varied, they were altered because his intention in both cases was not the same".

This reasoning in a situation like the one at bar is stated in *Long v. Wood,* 194 Tenn. 511, 517, 253 S.W.2d 731, 733, as follows:

"The safer, as well as more logical, conclusion is that no mention of the 'issue' or 'heirs' of the children was made in this last sentence, while such mention was made in each of the two immediately preceding sentences, because the testator's intention for some undis-

closed reason of his own was not the same in the situation contemplated in the last sentence, as was his intention in the situations contemplated in each of the two immediately preceding sentences.''

The brief of appellants says that the lease and option

''construed together indicate that the lessee was required to give 90 days' notice of its exercise of the option to purchase; that if lessors are mistaken in this, that under no circumstances could the written instruments be construed to require less than 30 days' notice; as 30 days' notice was required in the case of an election to extend the term of the lease.''

The answer filed by Mr. and Mrs. Belz does not say that the intentions of the parties was to have a reasonable time, ninety days now suggested, within which to give notice of the exercise of the option to purchase. On the other hand, this answer insisted that the instruments required a notice of thirty days before expiration of the lease agreement. Specifically the statement in the answer is:

'' * * * they then believed and now believe and aver it to have been the understanding of the Complainant, that under the combined instruments of lease and option it was incumbent upon the Complainant, if it wished to exercise any option, to give notice of such election in a proper manner not less than thirty (30) days prior to the expiration of any then current lease term.''

These statements, in so far as they are inconsistent, indicate that Mr. and Mrs. Belz feel uncertain now as to what they intended as to notice at the time of the execu-

tion of the option; hence, tend to weaken their insistence that "the optionee was not complying in spirit, as well as literally, with the terms of the contract." *Northern Illinois Coal Corporation v. Cryder,* 361 Ill. 274, 197 N.E. 750, 755, 101 A.L.R. 1420, 1429.

■ The conclusion of this Court is that the construction placed upon the option by the Chancellor was correct as a matter of law; hence, that he did not err in refusing to submit to the jury the question of whether the option was exercised within a time required by its terms.

■ Appellants insist that even though the option be given the construction placed upon it by the Chancellor, nevertheless, the bilateral agreement resulting from the notice of the exercise of the option is void because it lacks mutuality of remedy. Their position is that the Gulf Refining Company could not be compelled to take the property because it reserved the right "to exercise its own individual judgment or whim as to what was desired in the way of building or construction permits", and as to whether the title was "satisfactory" to it.

Except in cases involving feelings, taste or sensibilities these to "the satisfaction" of the purchaser cases have been construed to mean that what would be "satisfactory to a reasonable man would be sufficient". *Tennessee & Southeastern Coal Co. v. Schwitzer-Cummins Co.,* 173 Tenn. 524, 533, 121 S.W.2d 553, 556. See also *Robeson & Weaver v. Ramsey,* 147 Tenn. 25, 32, 245 S.W. 413, and *Ragsdale v. Dyer,* 150 Tenn. 496, 513, 266 S.W. 91.

By way of illustration, the Gulf Refining Company could not require an unlawful building or construction permit and then avoid this agreement on the ground

that it could not procure the desired permit. Its demand must be reasonable.

The same reasons applies as to the ability to avoid the agreement on the ground that the title "is unsatisfactory" to the Gulf Refining Company. Its dissatisfaction must be on natural grounds

"such as would and ought to induce a prudent man to pause and hesitate; not based on captious, frivolous, and astute niceness, but such as to produce real bona fide hesitation in the mind of the Chancellor." *Rogers v. Roop*, 19 Tenn. App. 579, 587, 92 S.W.2d 423, 429.

There is an annotation in 167 A.L.R. 411 dealing with provisions in a contract that the subject matter shall be satisfactory to the promisor. It states the general rule to be that such "dissatisfaction shall be based on reasonable grounds, especially in contracts not involving personal taste and reference".

We are of the opinion that there is mutuality of remedy in the agreement involved here.

The decree of the Chancellor will be affirmed with costs adjudged against the appellants.

MR. CHIEF JUSTICE NEIL did not participate in the consideration of this case because of his necessary absence in the performance of other official duties.