Floyd H. ADAMS, Trustee, For the Use and Benefit of The National Life & Accident Insurance Company, a Tennessee corporation, Complainant-Appellant,

v.

Louis F. SWIFT and Nina S. Swift, Defendants-Appellees.

Court of Appeals of Tennessee, Middle Section.

March 30, 1973.

Certiorari Denied by Supreme Court Oct. 15, 1973.

James R. Tuck, Nashville, for complainant-appellant.

Robert L. Echols of Dearborn & Ewing, Nashville, for defendants-appellees.

## OPINION

PURYEAR, Judge.

The sole question involved on this appeal is whether or not the complainant properly exercised an option to purchase from defendants a certain lot or parcel of land situated in the Third Civil District of Davidson County, Tennessee, which the defendants had granted complainant an option to purchase.

The suit is for specific performance and the trial Court, Honorable Ned Lentz, Chancellor, determined that the complainant had not properly exercised said option to purchase and dismissed the suit, from which decree of dismissal the complainant has appealed and filed a single assignment of error as follows:

"1. The Court erred in holding (Tr., p. 22), that complainant's letter of January 15, 1970 (Tr., p. 6, and Exhibit to Stipulation, R., p. 9) did not constitute an exercise of complainant's option to purchase defendants' land, which option could be exercised any time prior to January 20, 1972 (Tr., p. 5, and Exhibits to Stipulation, R., p. 9)."

The facts of the case, which were stipulated, are as follows:

On September 20, 1969, complainant, acting for and on behalf of the National Life and Accident Insurance Company, secured from defendants an option to purchase said land, the relevant portions of the option contract being as follows:

"Said option to purchase may be exercised by said second party at any time prior to January 20, 1970 or by his assigns, upon terms, as follows: The purchase or option price is $15,100.00 payable, as follows:

CASH (Any indebtedness against property to be deducted from proceeds when transaction is closed.) Second Party reserves the privilege of going upon the property for the purpose of survey, engineering and etc.

Mid-South Realty Company to receive a 6% sales commission out of the proceeds of sale when transaction is closed."

The amount paid for such option was $500.00 cash and the contract provided that if said option was exercised, this amount would be applied or credited on the purchase price, otherwise it would belong to optionors.

The option contract also contains the following provision:

"First party has 90 days in which to vacate property after transaction is closed January 20, 1970, at no cost. Rental will be $50.00 per month, thereafter, until notified by Second Party."

On January 15, 1970, complainant wrote and sent to defendants the following letter:

"Mr. & Mrs. Louie S. Swift
2201 Riverview Drive
Donelson, Tennessee 37214

Dear Mr. & Mrs. Swift:

Pursuant to the terms and conditions of an option agreement dated September 20, 1969, the undersigned hereby gives notice that he desires to exercise the option to purchase the property as therein set out.

At the present time the deed and title has been ordered and we are prepared to close this transaction within the next few days.

We will be in touch with you to set a convenient date with you and your agent, for closing.

Sincerely,

/s/ Floyd H. Adams
Floyd H. Adams, Trustee
FHA: mb."

It is not denied by defendants that they received this letter prior to January 20, 1970.

On January 16, 1970, one Eldon Oakes, an employee of Mid-South Realty Company, called the defendants by telephone and in reply to this telephone call, Mrs. Swift delivered to Mr. Oakes the old title policy on said land.

The purchase price of $15,100.00 less $500.00 paid for the option contract, was not paid or tendered to the defendants on January 20, 1970, or any time prior thereto. No part of this purchase price, with the exception of $500.00 that was paid for the option, has ever been tendered to the defendants.

On January 28, 1970, complainant wrote the following letter to the defendants:

"Mr. & Mrs. Louie S. Swift
2201 Riverview Drive
Donelson, Tennessee 37314

Dear Mr. & Mrs. Swift:

We have made arrangements for closing, on the sale of your property, at Guaranty Title Co., corner of 3rd and Union St., on Monday February 2, 1970 at 2:30 P.M.

Both of you will need to be present for this closing, and we shall look forward to seeing you at this time.

Sincerely,

/s/ Floyd H. Adams
Floyd H. Adams, Trustee."

On January 29, 1970, counsel for the defendants wrote the following letter to Mid-South Realty Company:

"Mid-South Realty Company
410 Union Street
Nashville, Tennessee 37219
Attention: Mr. Floyd H. Adams, Trustee
Mr. Eldon Oaks

Gentlemen:

We represent Mr. and Mrs. Louis S. Swift of 2201 Riverview Drive in Donelson, Tennessee, with whom you had an option agreement for the sale of certain realty from September 20, 1969 to January 20, 1970.

This letter is to advise you that the said option agreement was not properly exercised within the permissible period in ac-

cordance with the terms thereof, and, therefore, pursuant to the applicable Tennessee law, the said option agreement has terminated. You are hereby notified that Mr. and Mrs. Swift consider said agreement null and void and request you return their old title policy at your earliest convenience.

Sincerely,
BAILEY, EWING, DALE & CONNER
BY: /s/ Robert L. Echols
    ROBERT L. ECHOLS."

The foregoing facts being undisputed, we are of the opinion that the Chancellor correctly concluded that the complainant did not comply with the expressed terms of the option contract because the purchase price was not paid or tendered to defendants on or prior to the 20th day of January, 1970, upon which date the option expired.

The contract does not provide that the option may be exercised simply by giving of notice and it plainly means that, in order for same to be exercised, it was necessary for complainant to pay or tender to the defendants the balance of said purchase price, which would have been $14,600.00, on or before January 20, 1970.

Moreover, the language of the option plainly shows that the transaction was to have been closed not later than January 20, 1970, and it is not stipulated that the defendants granted any extension of time beyond that date.

In Ray v. Thomas (1949), 191 Tenn. 195, 232 S.W.2d 32, the Supreme Court held that the acceptance of an offer must be exactly and precisely in accord with the terms of the offer.

In the unreported opinion of this Court in Goodman v. Bohannon (filed at Nashville on January 8, 1971), it is said that:

"The failure to tender performance within thirty days as required by the agreement was fatal to any rights of complainant.

The provisions of an offer as to time, place, and manner of acceptance must be complied with. 17 C.J.S. Contracts § 42, p. 676.

Ordinarily time is of the essence of an option, and acceptance must be made and conditions performed within the time limited by the option. 91 C.J.S. Vendor and Purchaser § 11, p. 859."

(Supra, p. 8)

In 17 C.J.S. Contracts § 42, page 676, it is said that the provisions of an offer as to the time, place and manner or mode of acceptance must be complied with.

Also in 17 C.J.S. Contracts § 42, at page 678, it is said that:

"The party making the offer may prescribe the mode by which acceptance must be made, if at all; and as a general rule, if a particular mode of acceptance is prescribed by the offer, the condition must be complied with, unless it is waived; and a failure to comply with such conditions, as a result of misapprehension, inadvertence, or neglect, prevents a consummation of the contract."

Language to the same effect is also found in 17 Am.Jur.2nd, "Contracts", Section 45, page 383, wherein it is said that the provisions of the offer as to place, time or manner or method of the acceptance must be complied with.

Perhaps the case which most strongly supports the defendants' position is Jones et al v. Horner (1953), 36 Tenn.App. 657, 260 S.W.2d 198.

Under the facts of that case, Jones was the lessee of Mrs. Horner and had a two year exclusive option to purchase the leased property for a stated price. The option agreement provided that if Jones should elect to exercise his option to purchase he could do so by the payment or tender of the agreed purchase price. Two days before expiration of the option period Jones wrote to Mrs. Horner stating that he was giving her notice that he would exer-

cise said option in accordance with their agreement for the purchase price agreed upon. He then asked Mrs. Horner for a deed, stating that he would pay the balance of the purchase price when he received the deed.

However, no payment or tender of the amount stated in the letter was made during the term of the option period. Afterwards Mrs. Horner refused to treat the notice as a valid exercise of the option and Jones sued for specific performance. The Chancellor held in favor of Mrs. Horner and dismissed the bill.

This Court held that the offer to make a bilateral contract must be accepted precisely accordingly to the terms of the offer and where an option to purchase realty was to be exercised by payment or tender of the agreed purchase price, a notice of intent to exercise the option, without payment or tender of such amount, was not sufficient to create a binding contract.

In Jones, supra, the Court quoted with approval from 55 Am.Jur. 492, Section 41 as follows:

". . . where the option by its express terms requires that the payment of the purchase money or a part thereof accompany the optionee's election to exercise the option, the making or tender of the payment specified, unless waived by the optioner, is a condition precedent to the formation of a contract to sell. On the other hand, the terms of the option may require merely that notice be given of the exercise thereof, and may not require the payment of the purchase money in order to exercise the option . . ."

(Supra, p. 660)

We have considered the cases cited by complainant and do not find any of them controlling in the instant case.

The principal question presented in Allen v. Effler (1921), 144 Tenn. 685, 235 S.W.

67, was whether the word "from" was to be construed as including or excluding the day of making of a contract for the sale of land.

Gulf Refining Co. v. Belz (1958), 204 Tenn. 47, 315 S.W.2d 403, is authority for the proposition that an option should be construed so as to ". . . extend the time the full limit of which the contract is susceptible . . ." and the case is clearly distinguishable from the case at bar in that a written notice was expressly provided for in the Belz case.

No provision is made in the option under consideration in the instant case for it to be exercised by notice only, or for that matter, the option does not provide for any notice at all.

■ The principal question to be determined in the instant case hinges upon construction of the language of the option itself, which according to our interpretation thereof plainly means payment or tender of the purchase price as a condition precedent to the exercise of the option.

Therefore, the case of Dobson & Johnson, Inc. v. Waldron (1960), 47 Tenn.App. 121, 336 S.W.2d 313, is not applicable because that case holds that when the option does not specify the manner of exercising of the option, any type of notice is sufficient to transform the unilateral contract into a contract to sell.

However, as we have heretofore said, the option under consideration in the instant case provides that it may be exercised by payment or tender of the purchase price.

The fact that the option under consideration provides that the transaction was to be closed by January 20, 1970, further supports the position of defendants that the purchase price was to be paid or tendered on or before that date.

For the reasons herein indicated, the assignment of error is respectfully overruled

and the decree of the trial Court is affirmed.

The complainant-appellant will pay all of the costs of this appeal.

 In view of the fact that this appeal is a case "in which all the facts have been stipulated," (T.C.A. 16–408), it is extremely doubtful that this Court has jurisdiction of the appeal. However, under the circumstances, it is deemed more expedient to rule upon the merits of the appeal with full confidence that any jurisdictional error will be corrected by the Supreme Court on certiorari.

SHRIVER, P. J., and TODD, J., concur.