IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
January 18, 2001 Session

## STATE OF TENNESSEE v. RONALD STANLEY

**Direct Appeal from the Criminal Court for Davidson County**
**No. 98-D-2923    Steve Dozier, Judge**

───────────────

**No. M2000-00790-CCA-R3-CD - Filed May 11, 2001**

───────────────

The Defendant pled guilty to selling over twenty-six grams of cocaine, possession with intent to sell over 300 grams of cocaine, and possession with intent to sell between ten and seventy pounds of marijuana. As to his conviction for possession with intent to sell over 300 grams of cocaine, the Defendant reserved the following certified question of law: whether the search warrant was void for execution more than 120 hours after issuance. We hold that the five-day period in which a search warrant must be executed is to be computed using calendar days rather than hours. Thus, a search warrant is valid if executed by midnight of the fifth day after its issuance, with the calculation of days to exclude the day of issuance. We further hold that the search warrant in this case was properly executed within the five-day period and therefore affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which DAVID H. WELLES and JERRY L. SMITH, JJ., joined.

Kenneth Quillen, Nashville, Tennessee, for the appellant, Ronald Stanley.

Paul G. Summers, Attorney General and Reporter; Elizabeth T. Ryan, Assistant Attorney General, Victor S. Johnson, III, District Attorney General; and Derrick L. Scretchen, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

On November 23, 1998, the Davidson County Grand Jury returned a nine-count indictment against the Defendant, Ronald Stanley, charging him with the sale of twenty-six or more grams of cocaine; the delivery of twenty-six or more grams of cocaine; possession with intent to sell or deliver 300 grams or more of cocaine; simple possession of marijuana; felony possession of a weapon; two counts of possession of drug paraphernalia; theft of cable services; and possession with intent to sell or deliver between ten pounds, one ounce and seventy pounds of marijuana. In July 1999, the

Defendant filed a motion to suppress evidence upon which the indictment was based and an amended motion to suppress the evidence; in August 1999, the Defendant filed a second amended motion to suppress the evidence. On August 18, 1999, the trial court conducted a suppression hearing,[1] and on September 23, 1999, the trial court denied the Defendant's motion to suppress by written order.

On March 9, 2000, the Defendant pled guilty to count one: selling over twenty-six grams of cocaine; count three: possession with intent to sell over 300 grams of cocaine; and count eight: possession with intent to sell between ten and seventy pounds of marijuana. He received concurrent sentences of eighteen years in count three, eight years in count one, and three years in count eight, to be served in the Tennessee Department of Corrections. As to count three of the indictment, possession with intent to sell over 300 grams of cocaine, the Defendant reserved the following certified question of law: "whether the search warrant was void for execution more than 120 hours after issuance." See Tenn. R. Crim. P. 37(b)(2)(i). The Defendant now appeals the certified question of law. We conclude that the search warrant in this case was valid and therefore affirm the Defendant's conviction in count three of the indictment.

The Defendant and the State agree that the search warrant that is the subject of this appeal was issued at 12:00 a.m. (midnight) on March 13, 1998 and executed at 10:00 a.m. on March 18, 1998, 130 hours after its issuance. Tennessee Code Annotated § 40-6-107 provides that "[a] search warrant shall be executed and returned to the magistrate by whom it was issued within five (5) days after its date, after which time, unless executed, it is void." Tenn. Code Ann. § 40-6-107(a); see also State v. Evans, 815 S.W.2d 503, 505-506 (Tenn. 1991). Similarly, Tennessee Rule of Criminal Procedure 41(d) mandates that a search warrant "be executed within five days after its date." In this case of first impression in Tennessee, we must determine how that five-day period is to be computed.

The Defendant contends in his brief that the time for execution of a warrant should be calculated in hours[2] and thus that the five-day rule should be construed to mean that "probable cause no longer exists 120 hours after issuance of a search warrant." In this case, because the search warrant issued on March 13, 1998 was executed 130 hours after its issuance, the Defendant argues that the warrant was void at the time of its execution. The Defendant therefore contends that all evidence seized pursuant to the March 13, 1998 search warrant should be suppressed.

Although this case presents a novel question for our consideration, we are guided by some basic principles of law in our analysis of the issue. Generally, "[i]n matters of statutory construction the role of this [C]ourt is to ascertain and give effect to the intent of the legislature." State v. Webster, 972 S.W.2d 701, 703 (Tenn. Crim. App. 1998). Moreover, the general rule for computation of time is "that the law knows no fractions of a day." Allen v. Effler, 235 S.W.2d 67, 68 (Tenn. 1921). Finally, we note that this Court has stated, "[T]he expression 'within' a certain

---

[1] A transcript of the suppression hearing is not included in the record.

[2] A widely used legal treatise in Tennessee opines, "Presumably, the officers have exactly 120 hours within which to execute the warrant." David Louis Raybin, Tennessee Criminal Practice and Procedure § 18.124 n.2 (1984).

time embraces the last day of the time so limited, and the last day is counted in its entirety." State v. Emmett Ronnie Hammonds, No. 967, 1991 WL 46629, at *1 (Tenn. Crim. App., Apr. 5, 1991, Knoxville) (citing Union Trust Co. v. Chattanooga Elec. Ry. Co., 47 S.W. 422 (1898)).

We hold that the five-day period in which a search warrant must be executed under Tennessee Code Annotated § 40-6-107 and Rule 41(d) of the Tennessee Rules of Criminal Procedure is to be computed using calendar days rather than hours. Thus, a search warrant is valid if executed by midnight of the fifth day after its issuance, with the calculation of days to exclude the day of issuance. The first of the five days to be counted in this case was March 14, 1998, the day after the March 13, 1998 date of issuance. Had the warrant not been executed by midnight on March 18, 1998, the warrant would have been void. However, the execution of the warrant occurred at 10:00 a.m. on March 18, 1998, and thus the warrant was lawfully executed.

This method of computation is consistent with that adopted in other jurisdictions confronted with this issue. See, e.g., People v. Clayton, 22 Cal. Rptr. 2d 371, 374 (Cal. Ct. App. 1993); United States v. La Monte, 455 F. Supp. 952, 957 n.6 (E.D. Pa. 1978); State v. Durand, 461 So. 2d 1090, 1093 (Ct. App. La. 1984); Gonzalez v. State, 768 S.W.2d 436, 438 (Tex. App. 1989); State v. Anonymous, 480 A.2d 600, 603 n.5 (Conn. 1984). Furthermore, had the legislature intended that the time for execution of a search warrant be computed in terms of hours rather than days, it could have drafted rules or statutes reflecting a period of 120 hours rather than five days.

We conclude that a search warrant expires five days after its issuance, to be calculated in a manner consistent with this opinion. Thus, we conclude that the search warrant in this case was lawfully executed. We therefore AFFIRM the judgment of the trial court.

_____
ROBERT W. WEDEMEYER, JUDGE