

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-91,228-01

### EX PARTE CHRISTOPHER JAMES DORN, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 25,709-A IN THE 258TH DISTRICT COURT
### FROM POLK COUNTY

*Per curiam*.

### O R D E R

Applicant pled guilty to aggravated kidnapping under a plea agreement for a fifteen-year prison sentence. There was no direct appeal. Applicant filed a *pro se* application for a writ of habeas corpus alleging that his guilty plea was not voluntary. The habeas court entered an order designating issues and appointed habeas counsel, who filed an amended habeas application. The habeas court held an evidentiary hearing and has entered findings of fact and conclusions of law.

The habeas court recommends that this Court grant Applicant a new trial because, according to the habeas court, the trial court failed to properly resolve whether Applicant was competent before accepting Applicant's guilty plea. Applicant, however, waived having a competency evaluation performed when he accepted the plea agreement and pled guilty. *See Ex parte McCain*, 67 S.W.3d

204, 207 n. 5 (Tex. Crim. App. 2002). Applicant, who testified at the habeas hearing, also does not show that, had trial counsel insisted on a competency evaluation, the evaluation would have shown Applicant to be not competent. In other words, Applicant fails to show how he was harmed by not having a competency evaluation. *See Strickland v. Washington*, 466 U.S. 668 (1984).

The habeas court also recommends that this Court grant Applicant a new trial because, according to the habeas court, the evidence raises an issue as to whether Applicant acted under duress from his co-defendants. Applicant says that he "did not understand at the time of his plea, if he was *forced* to assist in a criminal act for fear of his own personal safety in addition to being verbally threatened and physically assaulted, that it amounts to 'duress' and therefore not held accountable for such criminal acts" (emphasis in original).

Applicant, who testified at the habeas hearing, fails to show that he "engaged in the proscribed conduct because he was compelled to do so by threat of imminent death or serious bodily injury to himself or another," which is his burden. *See* TEX. PENAL CODE § 8.05; *Ex parte Maldonado*, 688 S.W.2d 114 (Tex. Crim. App. 1985). The offense was a first-degree felony with a punishment range of five to ninety-nine years or life in prison, and Applicant accepted a fifteen-year sentence. Pleading guilty to avoid the possibility of a harsher punishment does not render a plea involuntary, *see Bordenkircher v. Hayes*, 434 U.S. 357, 363 (1978), and Applicant fails to show that he would have rejected the plea agreement and insisted on a duress defense had counsel done anything differently, *see Hill v. Lockhart*, 474 U.S. 52 (1985).

Based on this Court's independent review of the record, this Court denies Applicant's application for a writ of habeas corpus.

Filed:  January 12, 2022

Do not publish