Robbie H. VAUGHN, Administratrix of the Estate of William Vaughn, Deceased, Plaintiff-Appellee,

v.

AMERICAN HERITAGE LIFE INSURANCE COMPANY et al., Defendant-Appellant.

Court of Appeals of Tennessee, Middle Section.

July 28, 1978.

Certiorari Denied by Supreme Court Oct. 30, 1978.

Arthur E. McClellan, Gallatin, for plaintiff-appellee.

David J. White, Nashville, for defendant-appellant.

ABRIDGED OPINION

TODD, Judge.

*With the concurrence of participating judges, the original opinion has been abridged for publication.*

This is a suit to recover the $6,000.00 value of a credit life insurance policy plus statutory penalty. The Chancellor awarded judgment for $6,000.00 but denied penalty. Both parties appealed.

The material facts are uncontroverted.

On February 10, 1976, at 3:30 p. m., William Vaughn applied to Commerce Union Bank for a loan for 91 days to be due on May 11, 1976. Simultaneously, Vaughn made application to the defendant for a $6,000.00 credit life insurance policy upon his own life for a period of 91 days and paid an advance premium computed on a daily rate for 91 days.

The loan was granted as requested; and the insurance application and premium were accepted; but the certificate of insurance, when issued, stated the term of insurance as three months, rather than 91 days as requested.

William Vaughn died on May 11, 1976, at 1:15 a. m.

The appeal of the defendant is based upon the theory that the contract of insurance expired by its terms prior to the death of the insured.

Since the year 1976 was a "leap year" wherein there were 29 days in the month of February, a period of 91 days extends from 3:30 p. m. on February 10, 1976, to 3:30 p. m. on May 11, 1976. By such measurement, the policy was in force at the time of death, 1:15 a. m., May 11.

Nevertheless, defendant insists that the term of the policy was measured in months, rather than days so that the three month term of insurance began on February 10 and ended three calendar months later on May 10, before the death of deceased.

■ The authorities generally hold that a term of months ends on the same day of the terminal month as the day of the initial month on which the term began, unless the day in question does not occur in the terminal month (as, for example, February 30) in which event the term ends on the last day of the terminal month. *Needham v. Moore,* 200 Tenn. 445, 292 S.W.2d 720 (1956); 86 C.J.S. Time § 13(9), pp. 862, 863, note 43.

If the loan in connection with which this insurance was procured had been for a term of three months, then its due date would have been the day in May corresponding to the date of the loan, that is, May 10. A three month insurance policy issued on February 10 would terminate at midnight on May 10. However, the preceding abstractions should not apply to the present case because of its peculiar facts.

At the trial of the case there were only two witnesses, the plaintiff and W. L. Simpkins, Jr., both of whom testified at the instance of the plaintiff.

Plaintiff testified that she joined her husband in executing a 91 day note for purchase of a home; that credit insurance was obtained; and that all of the note had been paid except $6,000.00, the amount involved in this suit.

Mr. Simpkins testified that he owned and operated the Rebel Insurance Agency which specialized in credit life insurance; that Commerce Union Bank was a sub-agent for the purpose of selling credit life insurance and received a percentage of the premium paid on all policies sold by the bank; that, in the present case, the bank sent to the Rebel Agency a "requisition form" dated February 10, 1976, ordering that deceased be insured for 91 days; that Rebel Agency received $37.68, the correct premium for 91 days; that Rebel Agency issued a certificate of insurance for three months *and sent same to Commerce Union Bank.*

Under the foregoing testimony, which is uncontradicted, the plaintiff is entitled to recover.

■ Commerce Union Bank was clearly the agent of defendant. T.C.A. §§ 56–705, 56–801 A.

■ The circumstances produce a compelling inference that the bank agreed with deceased that he would be insured for 91 days, the term of the loan, and that the bank, using the funds of deceased (from the loan), paid the Rebel Agency for 91 days of insurance. There is no evidence that the three months certificate of insurance was

ever delivered to or seen by deceased. The presumption would be that the certificate was retained by the bank, which was the primary beneficiary of the insurance.

The agents of the defendant (the bank and the Rebel Agency) accepted deceased's money in payment of 91 days insurance and allowed deceased to believe he was insured for 91 days. So far as deceased knew he was insured for 91 days. The undisclosed preparation of a three months policy by one agent (Rebel) and delivery of same to another agent (the bank) can have no effect upon the original understanding between the bank and deceased.

■ As an alternative means of reaching the same result, the three months provision of the policy should be viewed in the light of the dealings between the parties (loan term, application term, premium term). The parties beyond peradventure of a doubt intended that the policy provision of three months should mean 91 days. The expression, "three months", in the policy should be interpreted to mean 91 days, or the policy should be reformed to state the true intention of the parties. In either event, the result is the same: plaintiff is entitled to recover the amount of the policy.

The assignments of error of defendant-appellant are respectfully overruled.

■ The plaintiff-appellant complains of the failure of the Chancellor to award penalty as provided in T.C.A. § 56–1105 A, which reads as follows:

"56–1105. Additional liability upon insurers for failure to pay promptly insurance losses when refusal is not in good faith.—A. The insurance companies of this state, and foreign insurance companies and other persons doing an insurance business in this state, in all cases when a loss occurs and they refuse to pay the same within sixty (60) days after a demand shall have been made by the holder of the policy on which said loss occurred, shall be liable to pay the holder of said policy, in addition to the loss and interest thereon, a sum not exceeding twenty-five per cent (25%) on the liability for said loss; provided, that it shall be made to appear to the court or jury trying the case that *the refusal to pay said loss was not in good faith*, and that such failure to pay inflicted additional expense, loss, or injury upon the holder of said policy; and, provided, further, that such additional liability, within the limit prescribed, shall, in the discretion of the court or jury trying the case, be measured by the additional expense, loss, and injury thus entailed." (Emphasis supplied)

Even though the present suit was probably the result of the inexact handling of the insurance by the agents of defendant, this Court cannot say that the refusal to pay was not in good faith.

Moreover, the only damage or additional expense shown by the evidence or relied upon in brief is the additional interest accrued upon the loan due the Commerce Union Bank. The rate of such interest is not shown, but the aggregate of same will largely be reimbursed to plaintiff by allowance of interest upon the policy from due date to date of judgment and of statutory interest upon the judgment from its date of rendition to date of payment.

■ Plaintiff is entitled to interest at 6% upon the recovery from the date of accrual of her right to sue until the date of judgment, T.C.A. §§ 47–14–104, 47–14–107, and at 8% from the date of judgment until paid, T.C.A. § 47–14–101.

It appears that demand was first made on August 31, 1976, and that payment was due within 60 days thereafter. Accordingly, plaintiff is entitled to interest at 6% on $6,000.00 from November 1, 1976, to July 22, 1977, the date of the Chancellor's decree.

The decree of the Chancellor is therefore modified to award judgment for $6,000.00, plus interest at $258.00, or a total of $6,258.00. As modified, the decree of the Chancellor is affirmed by this Court, resulting in a judgment in this Court in favor of plaintiff and against defendant for $6,258.00, plus 8% interest from July 22, 1977, to the date of the entry of judgment in this Court.

As provided in the decree of the Chancellor, the judgment may be paid to the Commerce Union Bank to the extent of its prior interest in the policy.

Modified and rendered.

SHRIVER, P. J., and LEWIS, J., concur.